### E. L. WILSON HARDWARE COMPANY v. F. J. & R. C. DUFF.

Application No. 4488.   Decided February 27, 1905.

**Supreme Court—Jurisdiction—Amount in Controversy—Garnishment—Final Judgment.**

A defendant was sued for $1000 by an assignee of the person for whom he held the fund, and also garnished by a creditor of such person; the two proceedings were consolidated and all interested made parties; the garnishee was ordered to pay the money into court to be held subject to the lien of the garnishment, awaiting disposition of the suit in which it was issued; an appeal by the assignee of the fund was dismissed because such judgment was not final. Held that the Supreme Court had no jurisdiction to grant a writ of error, for, treating the garnishment as an independent suit, it was for an amount within the jurisdiction of the county court; and, if linked with the action in which it was issued, there was no final judgment. (P. 468.)

Application for writ of error to the Court of Civil Appeals for the First District, in an appeal from Jefferson County.

The appeal of the Wilson Hardware Company from the judgment in the consolidated proceedings by them as assignees of the fund in the hands of F. J. & R. C. Duff and by garnishment against Duffs, was dismissed for want of a final judgment. Appellants then applied to the Supreme Court for writ of error.

*Hardy & Hardy,* for applicants.—The jurisdiction of the Supreme Court is shown by the fact that the garnishment cases consolidated and taken with the main case involve, altogether, an amount of $1131.20.

The judgment in this case fully disposed of each and every issue involved in the three consolidated cases made by the pleadings and testimony as between each and all of the parties to the record, and so disposed of every issue and of every party and is therefore a final judgment. McCreary v. Robinson, 92 Texas, 413; Cannon v. Hemphill, 7 Texas, 194; Blum v. Schram, 58 Texas, 524; Graham v. Coolidge, 70 S. W. Rep., 231; McFarland v. Hall, 17 Texas, 691; White v. Mitchell, 60 Texas, 165; Linn v. Aramboul, 55 Texas, 611; Merle v. Andrews, 4 Texas, 208; Redus v. Burnett, 59 Texas, 581; Gulf C. & S. F. Ry. Co. v. Ft. Worth, etc., Ry. Co., 68 Texas, 104; Shannon v. Taylor, 16 Texas, 418; Patrick v. Gibbs, 17 Texas, 279; Martin v. Crow, 28 Texas, 615; Harmon v. Bynum, 40 Texas, 330; Dunlap v. Southerlin, 63 Texas, 42; Forgay v. Conrad, 6 How. (U. S.), 201; Freeman on Judgm., 2 ed., 45, 267.

Where a trial court renders a judgment passing his conclusions and findings as to every issue made by the pleadings and the testimony as to

every party, and holds up the case for further orders in the specific distribution of funds adjudged to be made and dependent upon contingencies yet to happen, over which contingencies and the happening thereof said trial court has no power, authority nor control in that case, then the judgment must be held a final judgment, subject to appeal at the instance of the parties aggrieved.

GAINES, CHIEF JUSTICE.—The applicant for the writ of error brought suit against F. J. & R. C. Duff to recover the sum of $1000. The cause of action alleged was that the defendants had received that sum of money belonging to one Sims, and that the plaintiff was the holder of two drafts drawn by Sims upon them for the money. It appears also that the money received by the Duffs was received for Sims in a suit against the Texas & New Orleans Railway Company. McFadden, Weiss & Kyle, having brought suit against Sims to recover an alleged debt amounting to $2200, sued out writs of garnishment and had them served upon both the railroad company and upon the Duffs. The latter answering the suit of the Wilson Hardware Company admitted that they held the money collected by them for Sims; and prayed that the garnishing creditors be required to come into the suit, to the end that the right to the fund be determined as between such creditors and the hardware company. Thereupon, as vaguely appears from the proceedings as shown by the transcript, there was some kind of a consolidation of the garnishment proceedings, with the suit of the hardware company against F. J. & R. C. Duff. A trial was had as between the hardware company, the Duffs and McFadden, Weiss & Kyle, the garnishing creditors, which resulted in a decree declaring the Duffs stakeholders and requiring them to pay the $1000 into the registry of the court, and adjudging that McFadden, Weiss & Kyle had acquired a prior lien upon the fund for such sum as they might thereafter establish against Sims in their suit against him. The decree further continued the cause as to all parties except the Duffs.

Now if this is to be treated as a judgment in the case of the hardware company against the Duffs only, then we have no power to review the proceedings, because that suit was for $1000 exclusive of interest and might have been brought in the county court. Rev. Stats., art. 996. If the hardware company's suit is to be treated as linked with the suit of McFadden, Weiss & Kyle against Sims, which could only have been brought in the District Court, then for the reason that there was no final judgment in that suit neither the Court of Civil Appeals nor this court has jurisdiction of the case.

The application for the writ of error is accordingly dismissed for want of jurisdiction.

*Application dismissed for want of jurisdiction.*