**HENDRICKS et al. v. SWIFT et al.**

No. 4031.

Court of Civil Appeals of Texas. El Paso.

July 11, 1940.

Clyde E. Thomas, of Big Spring, and John L. Fowler, of Odessa, for appellants.

Whitaker, Perkins & Turpin, of Midland, for appellees.

PRICE, Chief Justice.

Appellees move herein to dismiss the appeal on the ground there is no jurisdiction, in that the judgment appealed from is not a final judgment.

The case originated in the District Court of Ector County. Appellees sued to recover the title and possession of a certain motor vehicle described as a 1939 4-Door Plymouth Sedan, or, in the alternative, to recover the sum of $916, the alleged value of said sedan. Appellants (defendants below) replied by general exception, special exceptions, general denial, and special pleas. The court heard and overruled such general and special exceptions, and in the order evidencing this action is embodied an exception on behalf of appellants. The trial was to a jury, and evidently took place April 2, 1940. On April 2, 1940, appellants filed what is denominated as a demurrer to plaintiffs' evidence. The record does not show that the parties joined issue on this demurrer. Endorsed on the motion is a statement by the trial court that same was overruled.

At the close of all the evidence appellants moved for an instructed verdict. This was refused, as evidenced by the judge's signature on the motions.

■ The case was submitted to the jury on special issues on April 2, 1940. There is no verdict in the record, but we presume the jury failed to agree and were discharged by the court.

On April 6, 1940, defendants filed motion for judgment, and on the same day the court rendered judgment overruling same, which was entered in the minutes, and in which there is embodied an exception to the action of the court and notice of appeal.

It will be noted that the only two orders recorded in the minutes was the order overruling the general and special exceptions of defendants and the order overruling defendants' motion for judgment.

■ Article 2249, R.S., Vernon's Ann. Civ.St. art. 2249, provides in general as to the jurisdiction of this court over appeals, and is as follows: "An appeal or Writ of Error may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases, and from every final judgment in the county court in civil cases of which the county court has original jurisdiction, and from every final judgment of the county court in civil cases in which the court has appellate jurisdiction, where the judgment or amount in controversy exceeds one hundred dollars exclusive of interest and costs."

We take it that, unless specially provided by statute, this court has appellate jurisdiction only where the trial court has entered a final judgment.

■ This case does not come within the special jurisdiction conferred as to interlocutory orders, etc.

Generally speaking, a final judgment is a judgment deciding the issues raised by the pleadings of the parties. Linn v. Arambould, 55 Tex. 611, 616.

Clearly, an order overruling a general exception or special exception is not such a judgment; an order refusing to instruct a jury in favor of one party or the other is not such a final judgment; an order refusing to enter judgment is not a final judgment.

■ There is no final judgment here, and we are without jurisdiction. The orders entered here neither grant nor refuse the relief sought by plaintiff.

It is ordered that the motion be sustained, and that the appeal be dismissed in accordance therewith.