HICKS et al. v. SOUTHWESTERN SETTLEMENT & DEVELOPMENT CORPORATION et al.

No. 2457.

Court of Civil Appeals of Texas. Eastland.

June 23, 1944.

A. M. Huffman, of Beaumont, and Grover C. Lowe, of Woodville, for appellants.

Blades, Chiles, Moore, Kennerly & Knight, of Houston, for appellees.

GRISSOM, Justice.

Mrs. Bertha Neyland Hicks and 103 other plaintiffs brought this suit against Southwestern Settlement and Development Corporation and others in trespass to try title and for damages to a league of land, and also for damages for oil and gas alleged to have been produced from said land and converted by defendants. Kirby Lumber Corporation filed a disclaimer. The remaining defendants filed identical pleas in abatement and exceptions. Defendants' pleas in abatement alleged that 574 additional persons were necessary parties plaintiff. That said 574 persons and plaintiffs were all the heirs of Tom Collier, deceased (through whom the plaintiffs, except Mrs. Hicks, who claimed through her mother, who was the surviving wife of Tom Collier, deceased, claimed title), and were jointly interested with plaintiffs in their alleged claim of title and damages. Wherefore, defendants prayed that plaintiffs' suit be abated and dismissed. Defendants' pleas in abatement were sustained.

Defendants also urged, among others, their special exceptions number 1, to the effect that plaintiffs nowhere alleged "what right, title, interest or claim is alleged or claimed by the respective plaintiffs therein, there being no allegations in said petition to show whether each of said plaintiffs claim the entire fee simple estate in the lands described in said petition, or whether said plaintiffs jointly claim undivided interests therein, and, if so, what such undivided interests are and the amount thereof * * *." See Art. 7366, subd. 3, Vernon's Ann.Civ.St. Said exceptions were sustained.

With reference to the court's action in sustaining defendants' pleas in abatement and said special exceptions, the judgment merely recites that plaintiffs gave notice of appeal. The record neither shows nor indicates that plaintiffs were given an opportunity to amend but failed or refused to do so. There was no dismissal of plaintiffs' cause of action. There was no action on the merits of the case. It is evident that the actions of the court in sustaining defendants' pleas in abatement, because the trial court found an absence of necessary parties plaintiff, and sustaining special exceptions number 1, because of the alleged statutory defect pointed out therein, did not constitute a final judgment. 3 Tex.Jur. 132; 1 Tex.Jur. 145, 185; 1 C.J.S., Abatement and Revival, § 5, p. 32; Texas Land & Loan Co. v. Winter, 93 Tex. 560, 57 S.W. 39; Hill v. Nolan, Tex.Civ.App., 147 S.W. 365, writ refused; Boren v. Jack, Tex.Civ.App., 73 S.W. 1061; Goodman v. Mayer & Cohen, Trustees, 133 Tex. 319, 128 S.W.2d 1156; Diggs v. Kelly,

Tex.Civ.App., 150 S.W.2d 444; Hendricks v. Swift, Tex.Civ.App., 142 S.W.2d 601; Texas R.C.P. 39.

An interlocutory order is not appealable unless specially made so by statute, and may be reviewed on appeal only after final judgment has been rendered. Since this is an attempt to appeal from interlocutory orders, not specially permitted by Statute, this court is without jurisdiction of the appeal. 3 Tex.Jur. 125; Roosth & Genecov Production Co. v. State, Tex. Civ.App., 179 S.W.2d 586.

The appeal is dismissed.