**GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant,**

v.

**Norman W. MATSON, Appellee.**

**No. 10671.**

Court of Civil Appeals of Texas.
Austin.

June 24, 1959.

John B. McNamara, Jr., Waco, for appellant.

Curtis, Duncan & Bragg, Killeen, for appellee.

HUGHES, Justice.

Appellant General Motors Acceptance Corporation sued Norman W. Matson to recover on a promissory note given by Matson to Paramount Oldsmobile Inc. of Brooklyn, New York, in part payment of a 1957 Oldsmobile four-door sedan purchased by Matson and to foreclose a chattel mortgage on the car given to secure payment of such note. Other incidental relief was sought. Appellant alleged the transfer and assignment of such note and mortgage by Paramount to it before maturity and for a valuable consideration.

Appellee Matson answered this suit by admitting purchase of the car and execution of the note and mortgage. His defensive pleadings were to the effect that the car had numerous defects when purchased by him and was not as it had been represented by Paramount and appellee impleaded Paramount and prayed for judgment against it for his damages, etc. On motion of appellant its cause of action against Matson was severed from Matson's cross action against Paramount and such cross action is not before us.

Appellee in his answer also alleged a contract between General Motors Acceptance Corporation and Paramount the

substance of which was stipulated on trial to be:

"That General Motors Acceptance Corporation and Paramount Oldsmobile Incorporated have an agreement by the terms of which Paramount Oldsmobile Incorporated out of each transaction financed by General Motors Acceptance Corporation pays into a reserve account a stipulated portion of each transaction and that this reserve account is held by General Motors Acceptance Corporation to protect General Motors Acceptance Corporation against losses arising from non-payment of notes assigned to General Motors Acceptance Corporation by Paramount Oldsmobile Incorporated; that the agreement between Paramount Oldsmobile Incorporated and General Motors Acceptance Corporation further provides that if at any time the amount of the reserve account exceeds three per cent of the outstanding indorsed liabilities of the notes assigned to General Motors Acceptance Corporation by Paramount Oldsmobile Incorporated then that General Motors Acceptance Corporation will pay to Paramount Oldsmobile Incorporated all of the reserve funds in excess of three per cent of the outstanding indorsed liabilities; that on December 10, 1957, there was accumulated in a reserve account $13,648.69, at which time there was an outstanding indorsed liability of $803,600.00, and at such time it would have required $24,108.00 to equal three per cent of said amount of indorsed liability; that a quarterly accounting is made by General Motors Acceptance Corporation to Paramount Oldsmobile Incorporated of the condition of the reserve account and the amount of the outstanding indorsed liability; that on March 10, 1958 there was $12,308.07 in the reserve account, and the outstanding indorsed liability amounted to $725,600.00; that on February 5, 1958 $5000.00 of the reserve account was paid by General Motors Acceptance Corporation to Paramount Oldsmobile Incorporated; that as of August 28, 1958 there was accumulated $14,064.51 in the reserve account and outstanding there was liabilities of $664,800.00, three per cent of which would amount to $19,944.00; that no payments have been made by General Motors Acceptance Corporation out of the reserve account to Paramount Oldsmobile Incorporated since receiving notice of the defects in the automobile purchased by Sergeant Matson from Paramount Oldsmobile Incorporated; that at no time since said date has Paramount Oldsmobile Incorporated been entitled to demand payment by General Motors Acceptance Corporation to Paramount Oldsmobile Incorporated of any amounts in said reserve account."

Based on this contract appellee prayed for the following relief:

"* * * that the Court fix a lien in favor of Defendant against the debt owed by Paramount to Plaintiff as alleged in Paragraph VIII above; that the Court further fix a lien in favor of Defendant against the 'Reserve Account' of Paramount in possession and control of Plaintiff, as alleged in Paragraph VIII above in the amount of any judgment rendered herein, plus the amount of Defendant's down payment on said automobile of $1,195.56, plus reasonable attorney's fees as alleged in Paragraph VI above; that the Court fix and determine the respective rights of the parties hereto to the proceeds of sale of said automobile and required Plaintiff to resort to the 'Reserve Account' of Paramount for recovery of its damages or in the alternative to institute suit against Paramount; that the Court require Plaintiff to disclose the amount in Paramount's 'Reserve Account' held or controlled by Plaintiff from January 23, 1958 to date; for interest on such judgment as the Court

may render at the rate of six (6%) per cent per annum, for costs of court, and for such other and further relief, either at law, or in equity, to which this Defendant may be justly entitled."

After a nonjury trial the court below entered this judgment:

"This the 24th day of October, 1958, came on to be heard the above entitled and numbered cause, in which cause General Motors Acceptance Corporation is Plaintiff and Norman W. Matson is Defendant and Third Party Plaintiff, and Paramount Oldsmobile, Inc., is Third Party Defendant, the Judge in open Court regularly called said cause in its order on the docket, then came the Plaintiff by its attorney and the Defendant by his attorney, and the Court proceeded to hear the stipulations of the Plaintiff, General Motors Acceptance Corporation, and of the Defendant, Norman W. Matson, and the evidence and the stipulations having been heard by the Court, and it appearing to the Court that the Plaintiff at all times material hereto, has had in its possession and control a 'reserve account' of Paramount Oldsmobile, Inc., in an amount in excess of the damages claimed by Plaintiff against the Defendant Norman W. Matson.

"It is, therefore, ordered, adjudged and decreed by the Court that the Plaintiff be and, it is hereby, required to collect its damages sued for herein out of the 'reserve account' of Paramount Oldsmobile, Inc. held by Plaintiff and that the Plaintiff's cause against the Defendant Norman W. Matson be, and it is hereby, abated, to which action and the ruling of the Court, Plaintiff, at the same time thereof, in open Court, excepted, and gave notice of appeal to the Court of Civil Appeals, Third Supreme Judicial District of Texas, Austin, Texas."

It is our opinion that this judgment is not a final judgment and since there is no statute authorizing an appeal from this type of interlocutory judgment it is nonappealable. We quote from Hicks v. Southwestern Settlement & Development Corporation, 181 S.W.2d 982, Eastland Court of Civil Appeals:

"With reference to the court's action in sustaining defendants' pleas in abatement and said special exceptions, the judgment merely recites that plaintiffs gave notice of appeal. The record neither shows nor indicates that plaintiffs were given an opportunity to amend but failed or refused to do so. There was no dismissal of plaintiffs' cause of action. There was no action on the merits of the case. It is evident that the actions of the court in sustaining defendants' pleas in abatement, because the trial court found an absence of necessary parties plaintiff, and sustaining special exceptions number 1, because of the alleged statutory defect pointed out therein, did not constitute a final judgment."

Numerous authorities are cited in support of this holding. See also Beacon Oil & Refining Co. v. State, 56 S.W.2d 519, Austin Court of Civil Appeals.

We have examined the case of Rose v. Baker, 143 Tex. 202, 183 S.W.2d 438, 441, and do not find it a departure from the law as quoted above. There the Court construed a judgment sustaining a plea in abatement and providing that the successful party "go hence without day" to be a final judgment.

There is no similar language in the judgment before us and since such judgment does not dismiss appellant's suit and does no more than abate it we are without jurisdiction to entertain this appeal and it is accordingly dismissed.

Appeal dismissed.