Urban ENDRES et al., Appellants,

v.

E. A. HAWKINS, Appellee.

No. 16246.

Court of Civil Appeals of Texas.

Fort Worth.

June 30, 1961.

Stark & Carroll, and Richard S. Stark, Gainesville, for appellant.

J. M. Donald, Bowie, for appellee.

PER CURIAM.

The following statement of the case is taken from the brief of appellants Urban Endres and Martin Klement, d/b/a Endres Motor Company: "This is a suit upon debt. Appellee is alleged to have executed to Appellant a contractual chattel mortgage lien upon Appellee's automobile to secure the payment of the debt. Suit was brought by Appellant, an automobile dealer, for judgment upon the debt and to foreclose chattel mortgage lien upon the automobile owned by Appellee. Upon pretrial, the Trial Court sustained all of Appellee's special exceptions contained in 'Defendant's Answer and dismissed Appellant's cause of action'."

Appellee, E. A. Hawkins, objects to appellants' statement of the case, and says that the court did not dismiss appellants' suit, but merely sustained special exceptions and a plea denominated "Plea in Abatement", all of which exceptions and pleas challenged the sufficiency of appellants' petition. Appellee therefore contends that this court is without jurisdiction because the order of the trial court was interlocutory and not appealable.

In their original petition appellants alleged that appellee executed a promissory note to them in the principal sum of $357.-50 and executed a chattel mortgage contract on an automobile to secure the payment of the note and they prayed for judgment for the principal and interest of said note and for foreclosure of chattel mortgage lien.

The petition stated that a copy of the note with the chattel mortgage contract sued upon was attached to the petition and made a part thereof. The instrument attached to the petition contains these words and figures: "Date 11–8–57 Nocona, Texas For Value Received, I (we) promise to pay to the order of ——— the sum of Three Hundred Fifty Seven and 50/100 Dollars ($357.50) * * * at the office of Universal C.I.T. Credit Corporation (Universal C. I.T.). * * * As security for the payment

of this obligation, the undersigned hereby mortgages said motor vehicle to dealer and dealer's assigns. If the prior lien held by Universal C.I.T., this mortgage lien shall not merge with the same and Universal C.I.T. may, at its election, apply all payments on this note or on such previous lien obligation."

In their supplemental petition plaintiffs alleged that about February 4, 1958, Universal C.I.T. Credit Corporation "duly and legally assigned the note upon which this action is founded * * * to Endres Motor Company, the co-partnership firm of which Plaintiffs are the sole partners. That said assignment was sold to Endres Motor Company * * * for valuable consideration. A copy of said assignment is attached hereto as Exhibit B and made a part hereof by reference. That Plaintiffs are holders in due course of note made by Defendant upon which this action is based." The copy does not appear in the record.

Appellee's exceptions were in substance that there is no payee named in the note; that the petition fails to show that the plaintiffs are owners or holders in due course of the note and therefore it lays no foundation for a recovery; that the petition discloses that Article 1436, Vernon's Ann.Penal Code relating to mortgages on motor vehicles was not complied with and therefore the chattel mortgage contract lien which is alleged to have been executed is invalid; that the petition fails to show that the defendant is obligated upon any note or that the plaintiffs have any ownership of any such note. A paragraph of appellee's answer excepts to the said petition, and says that no right of action was shown because said petition and attached exhibit failed to show any right of action in plaintiffs since the note was not payable to plaintiffs and is the property, if any property right therein exists, of Universal C.I.T. Corporation, and that the suit should abate. It was prayed that "* * *

this, his Plea in Abatement, * * * be sustained, * * *."

We think the judgment amounted only to an order sustaining special exceptions. It recited that: "* * * this cause came on for hearing upon exceptions, and thereupon appeared (the parties and their counsel) and upon case being called, Plea in Abatement and Special Exceptions as filed by the Defendant were presented, * * * it was the Opinion of the Court that same are well taken, and that under the record, as it now stands, no right of action existed at time of filing suit; nor at this time, to sustain Plaintiffs' right of action, because the record fails to show ownership of any basis for suit; and the Court is of the further opinion that Special Exceptions Nos. I, II, III, IV, V, and VI, are likewise well taken, and should be sustained, * * *."

In the transcript this order is denominated "Order of Dismissal". However, we do not think it can be construed as a dismissal. The name by which an instrument is designated does not determine its character. After the order was entered, appellants had the right to amend.

Ordinarily, pretrial and other interlocutory orders are not appealable. Nims, Pre Trial, pp. 174, 175, 185, and authorities there cited. There are exceptions to this general rule, as where the order finally disposes of and is conclusive of the issue involved in that particular part of the proceeding. Gonzalez v. Gonzalez, Tex. Civ.App., 309 S.W.2d 111. In the instant case we do not think the trial court's order disposed of the suit. Had appellants amended, there would have been nothing to prevent their prosecution of the case; and had they declined to amend, the court properly could and no doubt would have dismissed the cause, and such order would have been appealable.

The appeal is dismissed.