Robert J. CANTRELL, Appellant,

v.

CITY OF DALLAS, Texas, Appellee.

No. 15923.

Court of Civil Appeals of Texas.

Dallas.

Sept. 29, 1961.

Edgar P. Haney and Robert J. Cantrell, Dallas, for appellant.

H. P. Kucera, City Atty., and N. Alex Bickley and Ted P. MacMaster, Asst. City Attys., Dallas, for appellee.

WILLIAMS, Justice.

Robert J. Cantrell sued the City of Dallas alleging that he was the record owner of a 2-acre tract of land situated in Dallas, Texas, and that the City had failed and refused to issue a building permit enabling him to complete a structure above a basement which had previously been authorized by the City. Plaintiff charged the City with having failed to provide him with electrical service, water service, sanitation facilities, gas service, and garbage collection services, and by way of equitable relief plaintiff urged the trial court to issue its writ of mandamus directing the City to issue to plaintiff a building permit; to recognize and accept Vida Drive as a dedicated public street; and to supply plaintiff with water and sanitary facilities and garbage pick-up. In another count, plaintiff alleged that due to the unreasonable and wrongful activities on the part of the City in failing to provide services as aforesaid, that plaintiff and his wife have been injured and damaged by virtue of physical, mental, and emotional pain in the amount of $22,000. Furthermore, plaintiff sought $11,000 additional as exemplary damages against the City. By way of answer, the City, in its paragraph 1, leveled a special exception to that part of plaintiff's petition having to do with damages on the ground that no lawful notice had been given to the City as provided by the City Charter. The City also pled affirmative defenses having to do with the other phase of the litigation involving granting a building permit.

Following a pre-trial hearing on November 7, 1960, the trial judge granted the following order:

"On this the 7th day of November 1960, came on for pre-trial the above styled and numbered cause, and for consideration by this Court the Defendant's Motion to Dismiss the portion of this cause relative to damages claimed and alleged by the Plaintiff, contained in Paragraph 1 of Defendant's Original Answer, and the Court having considered the pleadings, the exhibits previously introduced in this cause, the statements of counsel, and the City Charter, City Ordinances, and State Laws applicable thereto, is of the opinion and hereby finds that the Motion to Dismiss as to any claim for damages on the part of Plaintiff should be, and it is hereby, dismissed."

"It is therefore Ordered, Adjudged And Decreed that the above suit insofar as damages are claimed on behalf of the Plaintiff are hereby dismissed."

It is from this order that appeal reaches this Court. Appellant's brief is not within the rules of briefing as required by our Rules of Civil Procedure, rule 418. Instead of points of error appellant presents seven "propositions", each of which are vague, indefinite, argumentative, and having no relation to the requirements of Rules concerning points of error. These "propositions"

are not followed by statements or arguments, but contain, within themselves, arguments and citations of authorities. While appellant's brief does not conform to briefing rules we have attempted to ascertain the intent of appellant from a reading of his "propositions" so as to apply the liberal rules of construction, so long recognized by our courts. Wyche v. Noah, Tex.Civ.App., 288 S.W.2d 866; Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478. Having given due consideration to such liberal rules of construction we are impelled to the conclusion that there is no merit to any of his positions and that they should be overruled.

■ However, it becomes unnecessary for us to further elaborate on these points or "propositions" because it is apparent upon the face of this record that the order of the trial court which is attempted to be appealed to this court is not a final or appealable order. Upon a reading of the order quoted above it is immediately apparent that the trial judge, on pre-trial hearing, was merely acting upon one special exception of the defendant City directed to only a part of the cause of action asserted by plaintiff.

■ It is so fundamental as to hardly require citation of authorities that an order, judgment or decree must possess the essential characteristic of finality before an appeal will lie from it. 3 Tex.Jur.2d Par. 76, pp. 337–338, and cases cited. "Ruling which merely sustains exception without expressly disposing of case, even though it notes that pleader has taken an exception to the ruling and given no notice of appeal, is not final judgment for purposes of appeal." McDonald, Tex.Civ.Practice, Vol. 3, Par. 10.-14, p. 882; Vol. 4, Par. 17.09, p. 1334. See also Ship Ahoy, Inc. v. Whalen, Tex.Civ. App., 347 S.W.2d 662, Syl. 1. A judgment is not final and appealable unless it disposes of all the issues in the case. 3 Tex.Jur.2d Par. 88, p. 353, and cases therein cited. It is axiomatic that an appellate court cannot take jurisdiction of a case in which there has not been a final judgment rendered in the court below. 3 Tex.Jur.2d Par. 63, p.

327. A final judgment is one that determines all the issues involved in the suit, fully determines the rights and liabilities of all parties with reference to the matters in controversy, and finally disposes of the entire case. 3 Tex.Jur.2d Par. 77, pp. 340–314, and cases cited.

■ Jurisdiction of this court cannot be conferred by agreement or consent of the parties, but must be expressly demonstrated by the record. This record clearly demonstrates the absence of the essential characteristic of finality of the judgment appealed from and therefore we have no jurisdiction to consider the matters presented.

When we apply these fundamental and well-founded rules to the case under consideration we find that the order of the trial judge upon pre-trial hearing merely disposing of one special exception having to do with only one phase of plaintiff's case, and not in any wise expressly or by implication determining the other questions involved, does not meet the test of finality which will confer jurisdiction upon this court.

The appeal is dismissed for want of jurisdiction.