**LIBERTY MUTUAL INSURANCE COMPANY, a *Corporation,* Appellant,**

v.

**Eugene C. REED, Appellee.**

**No. 11215.**

Court of Civil Appeals of Texas.

Austin.

June 10, 1964.

Rehearing Denied July 15, 1964.

————◆————

Skelton, Bowmer, Courtney & Burleson, Temple, for appellant.

W. Lance Corsbie, Waco, Kacir, Lesikar & Kacir, Temple, for appellee.

ARCHER, Chief Justice.

This is an appeal from a judgment awarding maximum benefits under the Workmen's Compensation Law of this State for total and permanent incapacity from injuries received in an automobile collision on January 3, 1963.

The appeal is predicated on five points and are to the effect that the Trial Court erred in not granting appellant's motion to file a responsive pleading, after the Court had sustained appellee's special exception to appellant's pleading, and in overruling appellant's first motion for a continuance, in overruling appellant's objections to the submission of Special Issue No. 7, and in entering judgment based thereon because there is no evidence, or the evidence is insufficient to sustain the submission of, or the jury's answer to Special Issue No. 7, that the Court erred in failing to submit appellant's requested Instruction No. 2, raising the issue of a turning aside by appellee from the activities within the course of his employment to that of a personal nature.

On the day of the accident appellee, Eugene C. Reed and another employee were asked to go to the city dump and look for some advertising material that had been

thrown away by mistake, and not being able to find such material left and appellee took the other employee home. En route to his home appellee struck a parked car on South Main Street, and from this collision appellee claims back injuries.

In its original answer and in its First Amended Original Answer appellant plead that if the appellee sustained any disability that it was the result of some condition or incident outside of his employment.

Appellee filed special exceptions to the appellant's pleadings as being too general on June 21, 1963, which exceptions were not presented or acted on until October 21, 1963, the morning of the trial and were then sustained, to which action appellant excepted.

Appellant then moved for leave to file its First Supplemental Answer, which was denied, and appellants then made a motion for a continuance which was overruled, and the case went to trial before a jury on special issues, and based on such jury answers judgment was rendered for plaintiff, appellee herein.

The prime question to be considered by this Court is that of the refusal of the Trial Court to permit defendant, appellant herein, to file its First Supplemental Answer.

The pleading in the answer of appellant reads as follows:

"Defendant would show that if plaintiff sustained any incapacity or disability to labor, which is not admitted but is denied, that same was wholly the result of some condition or incident arising outside the plaintiff's employment with American Desk Manufacturing Company and not in any wise connected therewith."

The exception reads as follows:

"Plaintiff specially excepts to Paragraph 2 of Defendant's First Amended Original Answer for the reason that same is too vague, general and indefinite and fails to sufficiently apprise Plaintiff of what, if anything, Defendant is relying upon to enable Plaintiff to prepare his defenses, pleadings, issues or evidence thereto and same is inflammatory and prejudicial and should be striken and of this Plaintiff prays judgment of the Court."

Appellant filed its motion requesting leave of the Court to file its First Supplemental Answer to meet the special exception, and alleged that the matters contained in the pleading could in no wise operate as a surprise to plaintiff since such matters were peculiarly within his knowledge.

■ We believe that since the exception was sustained, the defendant had the legal right to amend its pleadings and that the Trial Judge abused his discretion and erred in refusing to allow appellant to file its First Supplemental Answer, and that the case should be and is reversed.

Caperton v. Thorpe, Tex.Civ.App., 240 S.W.2d 329, no writ history.

Endres v. Hawkins, Tex.Civ.App., 348 S.W.2d 547, no writ history.

In Leonard v. Maxwell, Tex.Civ.App., 356 S.W.2d 335, reversed on other grounds, 365 S.W.2d 340, this Court stated:

"It is also the law that amendments of pleadings are mandatorily permissible when tendered to meet exceptions."

■ Action herein renders unnecessary the determination of the other assignments, except as concerns the third point directed to "no evidence or insufficient evidence" to sustain either the submission or the answer of the jury to Special Issue No. 7 inquiring if the appellee's total incapacity is permanent.

There was adduced evidence which if believed by a jury, which was done in the present trial, to support a finding of a jury. We do not restate this evidence since

in view of the fact that there will probably be new pleadings and the evidence in a subsequent trial may vary in some degree from that offered in the former trial.

The question of "no evidence" and alternatively "insufficient evidence" is fully discussed in Re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

4 Tex.Jur.2d 395, Sec. 838.

The judgment of the Trial Court is reversed and the cause remanded.

Reversed and remanded.