Esteban M. ARREDONDO, Appellant,

v.

The STATE of Texas et al., Appellees.

No. 18073.

Court of Civil Appeals of Texas, Fort Worth.

March 22, 1979.

Rehearing Denied April 19, 1979.

**544**

H. Glenn Cortez, Bob Andrews, Austin, for appellant.

John L. Hill, Atty. Gen. of Texas, David M. Kendall, Jr., First Asst. Atty. Gen., Robert Steve Bickerstaff, Jr., and Paul R. Gavia, Asst. Attys. Gen., Austin, for appellees.

### OPINION

HUGHES, Justice.

Esteban M. Arredondo has appealed an order of the trial court sustaining special exceptions to his pleadings. His suit, which sought joint and several liability and punitive damages, was based on negligence and alternatively, on the Texas Tort Claims Act. The original defendants were: the State of Texas, Dr. Kenneth Gaver, then Commissioner of the Department of Mental Health and Retardation, Dr. Bill R. Walker, Superintendent of the Austin State School, Dr. James Armstrong, Assistant Superintendent of the Austin State School, Dr. Sung Dong Choi, a Staff Physician of the Austin State School, and Edward L. Rivers, a resident of the state school. The doctors were sued in both their individual and official capacities.

We dismiss for want of jurisdiction.

In effect the court's ruling left the state and its agencies as defendants in the suit under the Texas Tort Claims Act, Tex.Rev. Civ.Stat.Ann. art. 6252–19 (1970). The trial court denied Arredondo's motion for a rehearing on the special exceptions and his motion for a severance of all claims and causes of action which were the subject of the special exceptions. Arredondo then repled as directed by the trial court to avoid a dismissal of all of his claims and causes of action. He retained the suit against the state, Dr. Choi, who, according to oral argument, had not been served and had not answered, and Rivers.

This case arose from an incident which took place while Arredondo was employed at the state school. Rivers, a resident of the school, was alleged to have struck Arredondo in the eye with a rock causing a complete loss of vision in it. Officials and employees of the school were alleged to have been negligent in not having Rivers previously restrained, sedated or transferred from the school because of his violent, aggressive and dangerous behavior and assaults on employees, fellow residents and outsiders at the school.

The points of error on appeal complain of the order sustaining the special exceptions, including the requirement to replead, and the order denying a severance of the claims to which special exceptions were sustained.

We are unable to consider any of the points of error because it is apparent from the record that the order of the trial court being appealed is not a final or appealable order. The special exceptions sustained by the trial judge were directed to only a part of Arredondo's cause of action. No final disposition of the controversy or parties was made and therefore the order sustaining the exceptions to the pleadings was not a final appealable order or judgment. *Cantrell v. City of Dallas*, 350 S.W.2d 358 (Tex.Civ. App.—Dallas 1961, no writ). See 3 Tex. Jur.2d Rev. "Appeal and Error—Civil

Cases" § 76 (1974) and cases cited therein. Since the order appealed from does not meet the test of finality which will confer jurisdiction upon this court, this appeal must be dismissed. *Mueller v. Banks*, 317 S.W.2d 254 (Tex.Civ.App.—San Antonio, 1958, no writ).

Appeal dismissed.