Joseph L. **SPEER, and Wife, Donna Stover Speer, Appellants,**

v.

**James Dewey STOVER, Individually and as Community Survivor in the Estate of Melba Imogene Stover, Deceased, Appellee.**

No. 04–83–00067–CV.

Court of Appeals of Texas, San Antonio.

May 28, 1986.

Joseph Chacon, Jr., San Antonio, for appellants.

Robert F. Nelson, San Antonio, for appellee.

Before CADENA, C.J., and CANTU and REEVES, JJ.

PER CURIAM.

On October 10, 1984, this court dismissed the instant appeal for want of jurisdiction delineating its reasons in an unpublished opinion. That opinion in its entirety read as follows:

Joseph and Donna Speer appeal a district court order granting James Stover's plea in abatement and ordering the cause held suspended on the docket of the court until further orders. We dismiss the appeal for want of jurisdiction.

The Speers brought suit in district court seeking specific performance of a contract in which Stover allegedly was to convey his community half of a house as well as his deceased wife's community half, and alternatively alleging fraud and seeking actual and exemplary damages of at least $140,000.00 and reasonable attorney's fees. An application for letters of administration was filed by Stover's son in a Bexar County court at law sitting in matters probate, which Stover contested. During the pendency of the district court suit for specific performance, the county court at law appointed Stover administrator of his wife's estate.

Stover filed a plea in abatement in which he contends, in essence, that the district court should refrain from exercising its jurisdiction because the county court at law sitting in probate is the

proper court to hear the matter as one incident to an estate. The district court sustained Stover's plea in abatement, stating, 'IT IS, THEREFORE, ORDERED that the Plea in Abatement be, and is hereby sustained, and this cause is abated until further Orders of this Court.' No dismissal of the cause was ordered.

An appeal from an order sustaining a plea in abatement which does not dismiss the suit is a non-appealable interlocutory order. We have no jurisdiction to entertain such an appeal until the trial court orders a dismissal. *Rose v. Baker,* 143 Tex. 202, 183 S.W.2d 438, 441–42 (1944); *Bills v. Braswell,* 534 S.W.2d 434, 435 (Tex.Civ.App.—Texarkana 1976, mand. overr.; *Power v. Landram,* 424 S.W.2d 24, 26 (Tex.Civ.App.—Houston [1st Dist.] 1968, no writ). We, therefore, dismiss the appeal for want of jurisdiction.

On February 6, 1985, the Supreme Court of Texas, in a per curiam opinion issued pursuant to TEX.R.CIV.P. 483, granted application for writ of error and without hearing oral argument reversed the judgment of this court and remanded the cause for consideration on the merits of the appeal. *See Joseph L. Speer Et Ux v. James Dewey Stover, Individually and as Community Survivor in the Estate of Melba Imogene Stover, Deceased,* 685 S.W.2d 22 (Tex. 1985).

The judgment of the Supreme Court accompanying the cause on remand to this court recites:

It is the opinion of the court that there is error in the judgment of the court of appeals which held Stover's misnomered plea in abatement was interlocutory and dismissed the appeal for want of jurisdiction.

We are told in the opinion issued by the court that Stover's plea titled "plea in abatement" was actually a "plea to the jurisdiction" and that thus being misnomered this court was bound to treat it for what it was without reference to the label attached.

This, of course, did not escape us on original submission. However, inasmuch as the purported appeal was from the judgment entered and not from the pleading filed, our decision to hold the judgment of the court interlocutory was based upon what we believed to be settled law.

The opinion of the Supreme Court further suggests that we should have looked to the findings of facts and conclusions of law to determine the meaning of the trial court's clear and express order holding that the "cause is abated until further orders of this court."

■ If plain and unambiguous, a judgment is not to be interpreted in the light of subsequent or prior statements or acts of the court evincing judicial intention when the judgment was rendered, *Austin v. Conaway,* 283 S.W. 189 (Tex.Civ.App.—Eastland 1926, no writ), since the controlling intention of the court is that expressed on the face of the judgment and not an intention that may be deduced from the evidence which the court had before it. *Harrison v. Manvel Oil Co.,* 142 Tex. 669, 180 S.W.2d 909 (1944).

The order abating the matter is shown to have been entered on November 16, 1982, while the findings of fact and conclusions of law were not filed until December 21, 1982.

Stover's misnomered plea in abatement unequivocally requests the trial court to abate *and dismiss* the cause for jurisdictional reasons. The Speers' "motion for rehearing of order sustaining plea in abatement" clearly recognizes the trial court's abatement of the cause but never complains of a failure to dismiss. Their appeal bond, however, recognizes the prerequisite of a dismissal for appellate purposes and recites that the trial court has dismissed their cause of action incident to the granting of the abatement. The recitation in the appeal bond is, however, without justification in view of the clear language in the judgment.

Even a subsequent order following a hearing on the Speers' "motion for rehear-

ing of the order sustaining a plea in abatement" fails to recite a dismissal of the cause but merely affirms the court's prior order of abatement.

While we may be in agreement with the Supreme Court's views that the plea in abatement was in fact a plea to the jurisdiction, we find nothing in the judgment of the court mandating a conclusion that the court's order is likewise a misnomered order. And even if we should agree that the trial court intended to sustain Stover's misnomered plea to the jurisdiction, it does not follow that this court is authorized to enter the dismissal the trial court may have erroneously but intentionally denied in order to confer jurisdiction upon this court.

Where the terms of the judgment clearly show what was finally determined by the court there is no reason to resort to the pleadings or other parts of the record. *Bankers Home Building & Loan Association v. Wyatt,* 139 Tex. 173, 162 S.W.2d 694 (1942).

■ It has been said that a judgment is something more than the findings of fact in the controversy, or even a recommendation as to the future course of the parties litigant; that it is the solemn sentence of law pronounced by the court on the facts found. A judgment is the final consideration and determination of a court of competent jurisdiction on the matters submitted to it. But the opinions or reasons given by the judge of the court constitute no part of the judgment. *See Davis v. Hemphill,* 243 S.W. 691 (Tex.Civ.App.—Fort Worth 1922, no writ).

It is further well established that judgments are classified with reference to whether they put an end to the controversy, as final or interlocutory and that a judgment or decree that leaves for the court some further action in disposing of the parties and their rights is interlocutory. *Kinney v. Tri State Telephone Co.,* 222 S.W. 227 (Tex.Comm'n App.1920, holding approved).

■ An interlocutory judgment does not dispose of the case but leaves it for further action by the court in order to settle and determine the entire controversy. *Witt v. Witt,* 205 S.W.2d 612 (Tex.Civ.App.—Fort Worth 1947, no writ).

■ In contrast, a final judgment is one that awards judicial consequences that the law attaches to facts and determines controversies between the parties over subject matter included in the pleadings, thus terminating litigation to the extent that nothing remains to be done but execute the judgment. *Cleghorn v. Chicago, Rock Island & Pacific Railroad Co.,* 228 S.W.2d 967 (Tex.Civ.App.—Amarillo 1949, no writ). *See also Ferguson v. Ferguson,* 161 Tex. 184, 338 S.W.2d 945 (1960).

■ The general rule in this state seems to be settled that appeals lie only from such interlocutory orders as are specially made appealable by statute. Thus, where a court sustains a plea to the jurisdiction or a plea in abatement *which results in a dismissal* of the plaintiff's case, such an order is a final one and is controlled by the rule which permits appeals from interlocutory orders only by statutory provision. *Witt v. Witt, supra.*

■ However, an order overruling a plea in abatement and refusing to dismiss a cause in response to such plea is an unappealable interlocutory order, *Kelley v. Barnhill,* 144 Tex. 14, 188 S.W.2d 385 (1945), as is an order sustaining a plea in abatement which is not dismissed. *General Motors Acceptance Corp. v. Matson,* 325 S.W.2d 909 (Tex.Civ.App.—Austin 1959, no writ); *Hicks v. Southwestern Settlement & Development Corp.,* 181 S.W.2d 982 (Tex.Civ.App.—Eastland 1944, no writ); *Beacon Oil & Refining Co. v. State,* 56 S.W.2d 519 (Tex.Civ.App.—Austin 1933, no writ).

■ In determining whether a judgment is final, the appellate court is ordinarily limited to what the trial court states in the judgment, and what might or could have been done is not in issue. *Culicchia v. Taormina,* 332 S.W.2d 803 (Tex.Civ.App.—San Antonio 1960, no writ).

■ It is also well settled that a judgment is not final and appealable where the court expressly retains the cause on the docket and holds the judgment open for the disposition of certain reserved matters. *E.L. Wilson Hardware Co. v. Duff,* 83 S.W. 907 (Tex.Civ.App.1904, writ dism'd w.o.j.), 98 Tex. 467, 85 S.W. 786; *McCormick v. Hines,* 503 S.W.2d 333 (Tex.Civ.App.—Amarillo 1973, no writ).

The same applies where the judgment fails to recite that the case was dismissed. *Cantrell v. City of Dallas,* 350 S.W.2d 358 (Tex.Civ.App.—Dallas 1961, no writ); *Endres v. Hawkins,* 348 S.W.2d 547 (Tex.Civ.App.—Fort Worth 1961, no writ); *Mueller v. Banks,* 317 S.W.2d 256 (Tex.Civ.App.—San Antonio 1958, no writ); *Taylor v. Masterson,* 231 S.W. 856 (Tex.Civ.App.—San Antonio 1921, no writ); *Ogburn v. Loop Land & Irrigation Co.,* 202 S.W. 366 (Tex.Civ.App.—El Paso 1918, no writ).

■ Since the trial court clearly refused to relinquish its exercise of jurisdiction over the matter pending entry of further orders, Stover's request for dismissal must of necessity have been denied. And this is so even if the court was of the opinion that it was without jurisdiction to continue in the matter. The litigants' remedy where an interlocutory order has been entered from which no appeal lies is the procurement of a writ of mandamus. *Wallace v. Briggs,* 162 Tex. 485, 348 S.W.2d 523 (1961). None has ever been sought from this court.

Although we remain convinced that the appellate jurisdiction of this court has not been invoked, we submit to the directions of the Supreme Court and exercise our appellate jurisdiction over the cause pursuant to such directions.

We now address the contentions sought to be reviewed by the Speers. They are as follows:

*Point of Error No. 1*

The trial court erred in sustaining appellee's plea in abatement because in so doing, it summarily deprived appellants of their right to a forum for the adjudication of grievances, thus violating their right of due process.

*Point of Error No. 2*

The trial court erred in holding that the county court at law sitting in matters probate does not have any monetary jurisdictional limits in an adjudication of individual liability against one not a decedent or ward.

*Point of Error No. 3*

The trial court erred in holding that a cause filed against an individual, who occupies a duel status of an estate representative, is a matter incident to an estate governed by section 5(c) of the Texas Probate Code.

*Point of Error No. 4*

The trial court erred in holding that the subject cause alleged for specific performance and for recovery of damages occasioned by actionable fraud committed by one not a decedent or ward, are matters incident to an estate.

*Point of Error No. 5*

The trial court erred in holding that the filing of an application for letters of administration, precludes the filing of an action under the authority of section 160 of the Texas Probate Code.

*Point of Error No. 6*

The trial court erred in sustaining appellee's plea in abatement because in so doing it summarily and improperly divested a proper court of acquired jurisdiction.

■ The record before us consists of a transcript containing the following documents:

(1) Plaintiffs' Original Petition; (2) Defendants' Plea in Abatement; (3) Order in Plea in Abatement; (4) Motion for Rehearing on Order sustaining Plea in Abatement; (5) Response to Plaintiffs' Motion for Rehearing on Order Sustaining Plea in Abatement and Memorandum in Support Thereof; (6) Appeal Cost Bond; (7) Request for Findings and Conclusions; (8) Order Overruling Motion for Rehearing on Order sustaining Plea in Abatement; (9) Findings of Fact and Conclusions of Law; (10) Request for Transcript; (11) Request for Additional

Findings and Conclusions; (12) Order Denying Request for Additional Findings and Conclusions; (13) Cost Bill; and (14) Certificate.

There is no statement of facts. There has been filed in this court, however, a manila envelope containing xerographic copies of pleadings and orders entered in a cause styled, *Estate of Melba Imogene Stover, Deceased,* and numbered 160033. These instruments appear to have been filed in the County Court of Bexar County, Texas, Sitting in Matters Probate. All the instruments bear file marks of that court but are not certified copies of court records of that court. Nor do they bear any certificate of the clerk of the trial court indicating that these instruments were filed with that clerk. Nor do they bear a certificate of the court reporter indicating that they were offered and received in evidence during the hearing of the cause now before us.

TEX.R.CIV.P. 371 provides:

The record on appeal shall consist of a transcript and, where necessary to the appeal, a statement of facts.

Rule 376 provides in pertinent part:

... the clerk of the trial court shall prepare under his hand and seal of the court and immediately transmit to the appellate court designated by the appealing party a true copy of the proceedings in the trial court....

Rule 376b provides in pertinent part:

(a) The duties of official court reporters shall be performed under supervision of the presiding judge of the court and shall, but not be limited to:

*   *   *   *   *   *

(3) filing all exhibits with the clerk, as required by Rule 75a; [1]

(4) preparing official transcripts of all such evidence or other proceedings, or any portion thereof, subject to the laws of this state, these rules and the instructions of the presiding judge of the court; ...

Rule 377 provides in pertinent part:

*   *   *   *   *   *

(f) Certification by Court Reporter. The statement of facts shall be in sufficient form to be filed in the appellate court when it is certified by the official court reporter....

The xerographic documents contained in the manila envelope are, therefore, not a part of the appellate record and will not be considered by us in making our disposition.

The following findings of fact and conclusions of law were filed by the trial court in response to a request by the Speers.

### FINDINGS OF FACT

1. On May 13, 1982 an Application for Letters of Administration in the Estate of Melba Imogene Stover, Cause No. 160,033 was filed in the County Court at Law Number 6 of Bexar County sitting in Matters Probate.

2. County Court at Law Number 6 of Bexar County is a County Court at Law with statutory probate powers.

3. Melba Imogene Stover died intestate and her Estate includes an interest in a house which she owned jointly with her husband, James Dewey Stover, as community property.

4. On September 24, 1982, a civil lawsuit was filed in the 57th Judicial District Court, Cause No. 82–CI–14819 asking the Court to order the Defendant, James Dewey Stover, to convey to the Plaintiffs a portion of the Estate of Melba Imogene Stover and in the alternative for damages.

5. On October 28, 1982 an order was signed by the Presiding Judge of County Court at Law Number 6, appointing James Dewey Stover Administrator of the Estate of Melba Imogene Stover.

### CONCLUSIONS OF LAW

1. The filing of an Application for Letters of Administration in the Estate

---

1. Rule 75a provides:

The court reporter or stenographer shall file with the clerk of the court all exhibits which were admitted in evidence or tendered on bill of exception during the course of any hearing, proceeding, or trial.

of Melba Imogene Stover, Cause No. 160,033 filed on May 13, 1982 in the County Court at Law Number 6 of Bexar County sitting in Matters Probate, vested original jurisdiction over the administration of the Estate and all matters incident to the Estate in said Court.

2. The subject matter and the relief prayed for by the Plaintiffs in the civil lawsuit filed in 57th Judicial District Court, Cause No. 82–CI–14819 are matters incident to the Estate of Melba Imogene Stover in that said action deals with the settlement, partition and distribution of the Estate.

3. The 57th Judicial District Court of Bexar County does not have subject matter jurisdiction over this action because Section 5(c) of the Probate Code vests said jurisdiction in the County Court at Law sitting in Matters Probate.

The Speers' first four points of error essentially complain of the trial court's granting of the plea in abatement because in doing so dismissal was required and a dismissal leaves their cause of action without a forum. We will assume that a dismissal was entered in addressing these contentions. The argument is that the Speers' cause of action is one against Stover individually and as community survivor and not an action involving settlement, partition and distribution of an estate so as to be "incident to an estate." [2] Further argument is made that a county court exercising civil jurisdiction is without authority to award in excess of $5,000.00 as damages and since their petition seeks recovery in excess of that amount a relegation to a county court deprives them of due process.

The suit for specific performance arises out of an alleged promise made by Stover shortly after the death of his wife but before administration was opened over the estate. The promise, according to the Speers, was a promise made by Stover to convey certain realty originally community property owned by him in his own right and as a result of being the surviving partner of the marital relationship. There is no evidence in the record before us to support this contention that the property Stover allegedly promised to convey was owned by Stover in his own right as the community survivor. Rather, the Findings of Fact entered by the trial court indicate that Melba Imogene Stover died intestate, and that her estate includes an interest in a house jointly owned with her husband, James Dewey Stover, as community property. We cannot conclude that Melba Imogene Stover has no heirs at law so that the property in question passed in its entirety to James Dewey Stover as the surviving spouse pursuant to the intestate distribution scheme of TEX.PROB. CODE ANN. § 45.

Furthermore, the district court's Findings of Fact state that the Speers sought, through their lawsuit against Stover, an order directing Stover to convey to them a portion of the Estate of Melba Imogene Stover. It is evident, therefore, that the property herein involved belongs, at least in part, to the Estate of Melba Imogene Stover, pending the probate court proceedings.

The fraud allegation against Stover individually is advanced in the alternative only in the event that specific performance is not granted. Thus it is clear that the petition does not allege two separate causes of

---

**2.** Section 5(d) of the Texas Probate Code provides that,

All courts exercising original probate jurisdiction shall have the power to hear all matters *incident to an estate....* [Emphasis ours.]

Section 5A of the Code defines the phrase, "matters appertaining and incident to an estate" as follows:

In proceedings in ... statutory county courts at law, the phrases, 'appertaining to estates' and 'incident to an estate' in this Code

include the probate of wills, the issuance of letters testamentary and of administration, the determination of heirship, and also include, but are not limited to, all claims by or against an estate, all actions for trial of title to land incident to an estate and for the enforcement of liens thereon incident to an estate, all actions for trial of the right of property incident to an estate, and actions to construe wills, and generally all matters relating to the settlement, partition and distribution of estates of ... deceased persons.

action against Stover but only one with alternative relief.

The Speers' argument that their cause is not one incident to an estate because the estate of Melba Imogene Stover is not a named defendant, must be rejected. Whether the estate is itself named as a party is not important in determining if the subject matter of the suit as filed is one incident to an estate. If the action "bears on the assimilation of the assets or potential assets of the estate it is one that relates to the settlement, partition and distribution of the estate of a deceased person, and as such is incident to an estate." Lucik v. Taylor, 596 S.W.2d 514 (Tex.1980); English v. Cobb, 593 S.W.2d 674 (Tex.1979). As a matter incident to an estate, it is within the jurisdiction of the county probate court. Nor are we impressed with the argument that Stover's dual capacity prevents the matter from being one which is incident to an estate. It is the true nature of the case which is determinative of whether it is "incident to an estate."

We hold that a suit for specific performance seeking conveyance of property, some of which belongs to the estate of a deceased person whose estate is being administered through probate proceedings is an action that related to the settlement, partition and distribution of the estate of a deceased person and as such is incident to an estate.

We further hold that a plea for alternative relief although in the nature of a claim against a party in his individual capacity and not strictly incident to an estate as contemplated by section 5A is, nevertheless, within the jurisdiction of the probate court inasmuch as the primary claim is one incident to an estate.

The Speers' argument that the county court at law sitting as a probate court is without authority to award damages in excess of those allowable under TEX.REV.CIV.STAT.ANN. art. 1970a is without merit. A county court sitting in probate has no monetary jurisdictional limi-

tations. English v. Cobb, supra; Rosemont Enterprises, Inc. v. Lummis, 596 S.W.2d 916 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ).

The Speers' first four points of error are overruled.

Their final two points of error involve the propriety of selecting the district court as the forum for adjudication of their claim for specific performance.

The argument advanced is that the Speers' lawsuit was filed in the district court on September 24, 1982, at a time when the estate was without a duly qualified executor or administrator.

An application for letters of administration was filed in the county court at law sitting in matters probate on May 13, 1982. An order appointing an administrator of the estate was entered on October 28, 1982, subsequent to the filing of the instant lawsuit.

The Speers argue that under section 160 of the Probate Code, Stover could be sued as surviving spouse on September 24, 1982 in the district court for specific performance because no one had qualified as executor or administrator of the estate of the deceased spouse at that time.

It is further argued that once the district court acquired jurisdiction of the lawsuit under TEX.REV.CIV.STAT.ANN. art 1906 (Vernon 1964), any subsequent act of qualifying by an executor or administrator could not interfere with the previously acquired jurisdiction.

The correct rule of law is stated in Hughes v. Atlantic Refining Co., 424 S.W.2d 622 (Tex.1968), wherein the court stated, "jurisdiction is acquired at the time of filing the petition where the subject matter of the suit is within the jurisdiction of the court." In a probate matter, the probate court acquires jurisdiction over the deceased's property upon the opening of probate. Parr v. White, 543 S.W.2d 445 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). Thus, the county court sitting in matters probate acquired jurisdiction of

the estate of Melba Imogene Stover on May 13, 1982, when the application for letters of administration was filed and not when an administrator was qualified.

Since the probate court acquired jurisdiction before suit was filed in the district court, the probate court has dominant, although concurrent, jurisdiction over the district court to resolve the matter as it involves a matter incident to an estate. *Pullen v. Swanson*, 667 S.W.2d 359 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). *Accord, Seay v. Hall*, 677 S.W.2d 19 (Tex.1984) (district court only has exclusive jurisdiction where case lacks any probate assets).

■ We further reject the Speers' contention that section 160 of the Probate Code precludes application of section 5. In the first place, section 160 has as its primary purpose the granting of authority for among other things, the sale of community property for the purpose of paying community debts.

Nowhere in appellants' pleadings or otherwise is there an allegation that community debts were outstanding requiring the sale of community property.

In the final analysis, as heretofore stated, the Speers' lawsuit was fundamentally one incident to an estate and belonged in the county probate court in accordance with section 5(c) of the Probate Code.

The Speers' points of error five and six are overruled.

The judgment of the trial court is affirmed insofar as its judgment constituted a dismissal for want of jurisdiction.