Wilson-W v. Atty Gen of Tx 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-079-CV

     WALTER WILSON,
                                                                                              Appellant
     v.

     THE ATTORNEY GENERAL OF TEXAS,
                                                                                              Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 538-80
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Walter Wilson attempts to appeal from an order dismissing his appeal of a family law master's
child-support findings to the district court. Tex. Gov't Code Ann. § 54.012 (Vernon 1988). 
By a motion to dismiss, the Attorney General argues that we do not have jurisdiction over
Wilson's appeal because there is no final judgment in this cause. Tex. R. App. P. 60(a)(1), 72. 
Agreeing with the Attorney General's contention, we will dismiss this cause for want of
jurisdiction.
      On June 27, 1994, the family law master signed a report on the Attorney General's motion
to modify Wilson's child-support obligation for transmittal to the district court. Tex. Gov't Code
Ann. § 54.010(a). Wilson attempted to appeal the master's findings to the court by filing a notice
of appeal within three days. Id. § 54.012(a). Wilson's appeal remained pending until the
Attorney General filed a motion to dismiss for want of prosecution in January 1995. After a
hearing, the court dismissed the appeal on February 27, 1995. The court stayed its order "to give
[Wilson] time in which to perfect and prosecute an appeal of this case to the Tenth Court of Civil
Appeals in Waco, Texas." The court did not, however, sign an order or decree conforming to the
master's report. Id. § 54.013.
      The master's findings become the decree or order of the court "only on the referring court's
signing an order or decree conforming to the master's report." Id. (emphasis added). Thus,
because the court has not yet either signed a decree conforming to the master's report or rendered
judgment otherwise, there is no final judgment in this cause. Id. §§ 54.011, 54.012(j), 54.013. 
Until the court signs such a decree or judgment it may "adopt, approve, or reject the master's
report, hear further evidence, or recommit the matter for further proceedings" as the court deems
proper. Id. § 54.011. The court's order merely dismissing Wilson's appeal does not finally
dispose of all the issues in the cause and is, therefore, interlocutory. See Speer v. Stover, 711
S.W.2d 730, 734 (Tex. App.—San Antonio 1986, no writ).
      Absent a statue making an interlocutory order appealable, a final judgment is necessary to our
jurisdiction. Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (Vernon 1986); New York
Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678-79 (Tex. 1990). Neither the provisions
governing the procedures relating to a family law master nor the general provision governing
interlocutory appeals makes an order dismissing an appeal from the master's findings to the
referring court appealable. See Tex. Gov't Code Ann. § 54.012(j); Tex. Civ. Prac. & Rem.
Code Ann. § 51.014 (Vernon Supp. 1995). Thus, we do not have jurisdiction over Wilson's
appeal. New York Underwriters, 799 S.W.2d at 678-79.
      The Attorney General's motion to dismiss is granted and this cause is dismissed for want of
jurisdiction.
                                                                               PER CURIAM

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed September 13, 1995
Do not publish