Gary Friedel v. Ken G. Taylor















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-259-CV

     GARY FRIEDEL,
                                                                              Appellant
     v.

     KEN G. TAYLOR,
                                                                              Appellee
 

From the County Court at Law
Coryell County, Texas
Trial Court # 02-5243
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      The Clerk of this Court notified the parties that the appellant’s brief was overdue in this
cause and that the appeal would be dismissed if an appropriate response was not filed within
ten days. The Court has received no response. Accordingly, the appeal is dismissed for want
of prosecution. See Tex. R. App. P. 38.8(a)(1), 42.3.


                                                                   PER CURIAM

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
Appeal dismissed
Opinion delivered and filed January 14, 2004
[CV06]



 

      According to information provided by the parties, Julius Drew, Sr., filed a pro se lawsuit
against Maria Caro, Israel Auto Sales, and the owners of Israel Auto Sales for damages he
allegedly sustained as a result of an automobile accident Drew and Caro had.


 On November 7,
1997, the trial court granted the motion of Ruben Roque, d/b/a Israel Auto Sales to dismiss
Drew’s claims against Israel Auto Sales and against Roque as the owner of Israel Auto Sales. The
court dismissed Drew’s claims “against the Defendant alternatively referred to herein as Israel
Auto Sales, the Owners of Israel Auto Sales, and Ruben Roque, d/b/a Israel Auto Sales.” Drew
has filed a motion to abate this appeal because it “was inadvertently commenced.” He requests
that the appeal be abated until he obtains a final judgment on the merits against Caro.
      Absent a statute making an interlocutory order appealable, a final judgment is necessary to
our jurisdiction. Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (Vernon 1997); New York
Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678-79 (Tex. 1990). A final judgment is one
disposing of all parties and all issues in the case. Baker v. Hansen, 679 S.W.2d 480, 481 (Tex.
1984). The trial court's dismissal did not dispose of all of the parties in the case; therefore, it is
interlocutory. See Speer v. Stover, 711 S.W.2d 730, 734 (Tex. App.—San Antonio 1986, no
writ). Moreover, there is no statute authorizing an interlocutory appeal of the dismissal order in
the instant case.
      Because this is an interlocutory appeal not authorized by statute, we have no jurisdiction over
this attempted appeal. Because we have no jurisdiction, we have no authority to abate the appeal. 
Accordingly, we deny Drew’s motion to abate the appeal and dismiss the appeal for want of
jurisdiction.

                                                                               PER CURIAM

Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed February 18, 1998
Do not publish