**ALPHA PETROLEUM CO. et al. v. DUNN et al. ***

**No. 9994.**

Court of Civil Appeals of Texas. Galveston.

May 12, 1933.

Rehearing Denied May 25, 1933.

---

*Writ of error granted.

John T. Garrison and Lawrence Lipper, both of Houston, and Wm. N. Bonner, of Wichita Falls, for appellants.

Jones, Jones & McCollough and Ira P. Jones, Jr., all of Houston, for appellees Dunn and others.

Stewart & De Lange, of Houston, for appellee Morris.

PLEASANTS, Chief Justice.

This appeal is from an interlocutory order of the court below made and entered on March 23, 1933, requiring appellants "to pay to the clerk of this court, instanter, as money deposited in the registry of the court, the sum of Eighteen Thousand, Twenty-two Dollars and sixteen cents ($18,022.16)," representing the interest of plaintiffs and the defendant W. C. Morris in the royalty funds involved in this suit accumulated to February 28, 1933, and further that appellants "pay to said clerk as money deposited in the registry of the court each month hereafter on or before the 12th day of the month, the proportionate interests as above set out, of said named plaintiffs and defendant W. C. Morris in total royalties accruing from leasehold described in plaintiffs' petition for the preceding calendar month.

"It is further decreed that the clerk of this court deposit said funds promptly as received in the Union National Bank of Houston, Texas, as 'Trust Fund in Cause No. 209,257, styled J. R. Dunn, et al. v. Alpha Petroleum Company, et al.', said funds to remain subject to further orders of this court.

"It further appearing to the court that the parties to this suit other than plaintiffs above named and said W. C. Morris are not seeking interlocutory relief herein, none is decreed at this time in behalf of any such parties.

"It is further ordered that any interlocutory relief not hereinbefore granted is hereby denied; either party to have the right to move for further orders after due notice to adverse parties or their attorneys of record, to all of which said defendants except and give notice of appeal."

Appellants filed a cost appeal bond on March 27, 1933, in the sum of $300, which was approved by the clerk of the court below, and the record was filed in this court on April 1st.

The suit in which this order was made was brought by appellees to recover from appellants royalties alleged to be due them under an oil and mineral lease on 20 acres of land in Montgomery county executed by some of the plaintiffs to J. D. Cooper and which is now held by appellants through transfers and assignments from and under Cooper. The remaining plaintiffs sue as assignees of the grantors in the lease to specified interests in the royalties.

Plaintiffs allege, in substance, that the oil leases executed by them being in effect a conveyance on credit of an interest in the land covered by the lease they have an equitable vendor's lien upon the land to secure the payment of the royalties for which they sue, and they pray for foreclosure of such lien.

A number of parties claiming interests in the seven-eighths of the oil produced by the appellant Alpha Petroleum Company from the lands covered by the lease were made parties defendant.

The pleadings of the plaintiffs and the various defendants in the suit are lengthy and somewhat complicated, and are in the main not material to the determination of the questions presented by this appeal.

The appellants Alpha Petroleum Company and Beta Oil Corporation in answer to plaintiffs' suit, in addition to numerous demurrers, exceptions, and pleas, admitted the indebtedness sued for and averred in effect that they were ready and willing to pay the amount due, but because of the pendency of suits filed in Montgomery county by named parties against plaintiffs to recover title and possession of the land covered by the lease upon which plaintiffs sue, the title to which plaintiffs warranted by their lease, now held by appellants, they were not required to make payment of the royalties until the question of plaintiffs' title involved in the Montgomery county suits could be determined, and they asked that this suit be transferred to the district court of Montgomery county which, in so far as plaintiffs' suit was one for foreclosure of lien on the land, was the proper court in which to bring the suit.

They asked in the alternative that if the suit should not be so transferred, that the plaintiffs in the Montgomery county suits be made parties to this suit.

They also pleaded provisions of their lease by which the title to the land was warranted by plaintiffs, and plaintiffs bound themselves

in case of any adverse claim to the royalties reserved to furnish appellants an indemnity bond to protect them in the payment of the royalties.

Upon the coming in of this answer, plaintiffs filed an application for the appointment of a receiver for the properties involved in the suit, and for a mandatory injunction requiring appellants as stakeholders to pay into court the amount it admitted to be due as royalties under its lease.

In answer to the application for appointment of a receiver and for a mandatory injunction requiring the appellants to pay into court the money for recovery of which plaintiffs' suit is brought, on the ground that the stock of the appellant corporation was owned by a foreign corporation and that the money received by appellants for the sale of the oil produced from the land covered was being sent out of the state, and charging appellants with complicity in the bringing of the suits in Montgomery county against appellees for recovery of the title and possession of the land covered by appellees' lease, and that therefore appellants were unsafe stakeholders, and the money due appellees might be dissipated or lost during the litigation, the answer of appellants, after denying all of plaintiffs' allegations, alleged that they were "bona fide stakeholders of the fund."

Upon a full hearing of the application for a receiver and for mandatory injunction, in which both parties introduced evidence, the order before set out from which this appeal is prosecuted was made and entered.

In the consideration of this case we are met in limine with a motion by appellees to dismiss the appeal on the ground that no right of appeal is given by our statutes from an interlocutory order of a trial court requiring a party to the suit, pending its final determination, to pay the sum of money involved in the litigation into the registry of the court, and there being no statute giving such right of appeal, this court is without jurisdiction to hear and determine the case presented by the appeal.

The abstract soundness of this contention of appellees cannot be questioned. No rule of law is more firmly imbedded in the decisions of the Supreme and appellate courts of this state than that which limits the general right of appeal given by our statutes to appeals from final judgments. Linn v. Aram-

bould, 55 Tex. 611; Texas & P. Ry. Co. v. Phelps, 116 Tex. 403, 292 S. W. 155; Hudson v. Smith, 63 Tex. Civ. App. 412, 133 S. W. 486; Powdrill v. Powdrill (Tex. Civ. App.) 134 S. W. 272; Ex parte Bennett, 85 Tex. Cr. R. 315, 211 S. W. 934; Texas Co. v. Honaker (Tex. Civ. App.) 282 S. W. 879.

The cases supporting this rule are so numerous and unanimous that further citation of such authorities is unnecessary.

It is clear from the face of the order appealed from, which we have before set out, and from the whole record, that such order is not a final judgment, and we do not understand appellants to contend otherwise.

We think it is equally clear from the record that the order before set out is not a temporary mandatory injunction in the purview of article 2251, Revised Statutes (1925), giving the right of appeal from such orders.

Appellants very earnestly contend, and we agree with the contention, that the allegation in their answer that they were "bona fide stakeholders of the money" made, as we have before shown, in answer to charges made in plaintiffs' application for appointment of a receiver and for a temporary mandatory injunction, cannot make them stakeholders when the undisputed facts in the record and the pleadings of plaintiffs show that they do not occupy that position. By the same token, the fact that appellees asked in their application for "a mandatory injunction" requiring appellants to pay the money into court cannot make the order requiring appellants to so pay the money an injunction when such order in no respect complies with the provisions of the statute in granting and issuing a temporary injunction, and when the order expressly states that all "interlocutory relief" not therein expressly decreed is refused.

This record only presents a case in which the trial court, holding that appellants were stakeholders, ordered them to pay the money in their possession into the registry of the court, and it matters not how erroneous or unauthorized such order may be, this court is without jurisdiction to hear and determine an appeal therefrom. Wilson Hardware Co. v. Duff, 98 Tex. 467, 85 S. W. 786.

It follows from these conclusions that the motion to dismiss the appeal must be sustained, and it is so ordered.

Appeal dismissed.