Fannie Belle FURR et al., Appellants,

v.

G. F. FURR et al., Appellees.

No. 16244.

Court of Civil Appeals of Texas.

Fort Worth.

April 21, 1961.

Rehearing Denied May 26, 1961.

Jack Connell, Smoot & Smoot, and Geo. A. Smoot, Wichita Falls, for appellants.

Thornton & Thornton, Olney, Nelson, Montgomery, Robertson & Sellers, and Lee Sellers, Wichita Falls, for appellees.

BOYD, Justice.

Adam Furr died intestate on July 3, 1958, leaving as his sole heirs his widow, Fannie Belle Furr, a daughter, Adele Furr, and two sons, G. F. Furr and E. E. Furr. Mrs. Furr qualified as community administratrix of the estate of Adam Furr on October 14, 1958.

On October 15, 1959, G. F. and E. E. Furr filed a petition praying for termination of the administration, for accounting, and for partition. On January 4, 1960, G. F. and E. E. Furr filed an amended original petition, complaining of Mrs. Furr, Adele Furr, and the surety on Mrs. Furr's bond, and praying for an injunction prohibiting Mrs. Furr from exercising any authority over the estate, and prohibiting Mrs. Furr and Adele Furr from further using any equipment belonging to the estate for the benefit of Adele Furr; for appointment of a receiver to take charge of all the property except a tract of land in Archer County which was involved in other litigation; for appointment of an auditor to state the accounts between the owners of the property; and for partition of the estate.

By stipulation filed January 14, 1960, it was suggested that the court appoint commissioners to partition all the property, real and personal, in the following proportions:

"(a) The separate real estate is to be divided equally between G. F. Furr, E. E. Furr and Adele Furr, (burdened with the legal life estate interest therein as owned by Mrs. Fannie Belle Furr);

"(b) The Community real estate is to be divided ½ to Mrs. Fannie Belle Furr, ⅙ to G. F. Furr, ⅙ to E. E. Furr and ⅙ to Adele Furr;

"(c) The community personal property, including cattle and all other elements of personal property is to be divided ½ to Mrs. Fannie Belle Furr, ⅙ to G. F. Furr; ⅙ to E. E. Furr; and ⅙ to Adele Furr.

"(3) That immediately upon the report of said Commissioners so partitioning said property that this Court may then adopt said report by proper judgment, and at that time each of the parties to whom any of such property is awarded may at once go into possession of that property so set aside to said party, and proceed to exercise all control and possession under same.

\*   \*   \*   \*   \*   \*

"Until final judgment herein, no such party shall sell, convey, mortgage or encumber any such property so set apart by said Commissioners.

\*   \*   \*   \*   \*   \*

"(6) The Interest set aside to the respective parties shall be subject to all equities that may be shown in final hearing before the Court.

"(7) It is agreed that only the surface of the lands involved together with improvements thereon, shall be divided and partitioned by said commissioners. \* \* \*"

On January 25, 1960, the court appointed commissioners to partition the surface of the lands and the personal properties. The report of the commissioners was filed on April 28, 1960.

The report was comprehensive and detailed, partitioning to each party lands, farming equipment, cattle, and other items.

It contained this sentence: "That grain located on each tract be paid rent to the Estate of one-half, after combining expense had been paid, and money liquidated according to prorata part of each."

By order entered on May 12, 1960, the court approved the report of the commissioners "at this time in conformity with the provisions of the Stipulation made by the parties * * * and in order that the parties to whom the properties so awarded by the commissioners may go into immediate possession of their respective portions thereof, for the purpose of working and using said properties." It was provided in said judgment that it "in no manner affects or prejudices * * * the claim for accounting as set up in this cause by plaintiffs against the defendants herein. * * * While the primary purpose of this judgment is to enable the respective parties, plaintiff and defendant, to go into possession at this time of the surface real estate, and of the personal property so set apart to said respective parties, yet it is recognized that this is not a final judgment in this cause, for the reasons set out in said Stipulation." The judgment continued: "It is further Ordered, Adjudged and Decreed that each party to whom a share of real property has been allotted by the report of the commissioners shall have the right and duty to harvest any crops now growing on such property and, after paying the reasonable expense of such harvesting and marketing, shall in the case of Community Property of Adam Furr and Fannie Belle Furr, pay over ½ of the net proceeds of such crops to Fannie Belle Furr, and the other ½ in equal shares to Adele Furr, Grover Furr and Ellis Furr. The net proceeds of any crops from the separate property of Adam Furr shall be paid over ⅓ to Fannie Belle Furr and the remaining ⅔rds divided in equal shares between Adele Furr, Grover Furr and Ellis Furr; provided, that until final judgment herein, no party shall utilize the land allocated to him or her in any manner so as to result in a change in the present crop allotments on said lands, and provided, further, that any party shall have the right to receive, his or her share of the oat crop on any portion of said land in kind."

On June 10, 1960, Mrs. Furr and Adele Furr filed objections and exceptions to the report of the commissioners, and prayed that the report be revised and corrected, or that it be rejected and other commissioners be appointed, because, among other reasons, they alleged that neither of them had been awarded properties equal to their respective interests in the estate, and "(8) That such report of the commissioners does not take into account the wheat and the oat crops growing on such lands or make any allotment or other disposition thereof; that such grain crops are of considerable value and should be taken into account in the distribution of such estate.

"(9) That such report of the commissioners does not take into account the large amounts of money advanced by Mrs. Fannie Belle Furr out of her separate funds to pay off the obligations of the estate in the way of inheritance and estate taxes in an amount of approximately $20,-000.00; and such allotment should be corrected so as to provide for the payment thereof.

"(10) That certain other obligations are owing by said estate as shown by the statement filed herein by the Community Administratrix; and that such obligations are not taken into account in the attempted division of the properties of the estate which would be subject to such debts. Wherefore the report should be corrected to show the same."

On October 10, 1960, G. F. Furr filed a motion for injunction, praying among other things that Mrs. Furr and Adele Furr, and their agents, servants and employees be temporarily restrained from interfering with the petitioner and his employees in harvesting of crops on lands allotted to him. On October 15, 1960, G. F. Furr and E. E. Furr filed "their supplemental

motion for an injunction", in which they prayed "that upon the hearing set by the Court on the motion for injunction filed herein by your plaintiff, G. F. Furr, that the defendants and each of them be ordered and directed by the Court to deliver to your plaintiffs the registration and breeding certificates on the registered cows partitioned and set aside to your plaintiffs; that the defendants and each of them be ordered and directed to pay over to your plaintiffs the sums received by them from the proceeds of the crops upon the lands partitioned to them in the partition had herein in excess of the rightful share or portion to which such defendants are entitled; that the defendants and each of them be ordered and directed by the Court to allow the plaintiff, G. F. Furr to remove his farming equipment and lumber from the property partitioned to the defendants and restrained and enjoined from interfering or molesting such plaintiff in the peaceable recovery of the possession of said property; that the defendant, Fannie Belle Furr, be ordered and directed by the Court to pay to the commissioners in partition appointed herein by the Court their fees as approved and authorized by this court, * * *."

Mrs. Furr and Adele Furr filed exceptions and an answer to the motion and "supplemental motion for injunction." The exceptions were overruled and the motion for injunction was denied.

After a hearing on December 1, 1960, on the "supplemental motion for injunction," the court by judgment entered on December 12, 1960, ordered that all documents in the hands of the defendants relating to the registration and breeding records of the cows belonging to the estate be delivered to the Clerk of the Court, where all parties might have access to them; that $1,000 be paid, one-third by the plaintiffs and two-thirds by the defendants, into the registry of the court, to be paid to the commissioners and an auditor; after finding that the defendants had received sums

in excess of their interests in the grain crops, the court ordered Adele Furr to pay into the registry the sum of $4,905.88, and that Mrs. Furr pay the sum of $729.56, and that from said sums the Clerk should pay $5,537.43 to E. E. Furr and $98.01 to G. F. Furr, which order for payments by the defendants was stayed pending appeal. The judgment concludes with this statement: "The defendants, in open court, duly excepted to the order of the court in reference to the payment of the proceeds of the grain crops growing on the lands of the estate of Adam Furr, deceased, contained in the third paragraph of this order, and gave notice of appeal to the Court of Civil Appeals for the Second Supreme Judicial District of Texas, at Fort Worth." Mrs. Furr and Adele Furr have appealed.

Appellees have filed a motion to dismiss the appeal on the ground that it is from an interlocutory judgment which is not appealable. We think the motion is well taken.

"With certain statutory exceptions, an interlocutory judgment or order is not appealable, and is reviewable by a higher court only after final judgment is rendered in a case." 3 Tex.Jur.2d p. 359, sec. 92.

The order appealed from was one to pay money into court, which is similar to the order held not to be appealable in Alpha Petroleum Co. v. Dunn, Tex.Civ.App., 60 S.W.2d 469. It is true that the order here involved went further in that the Clerk was ordered to pay the sums to appellees; but we are not persuaded that this is material here. The parties had agreed to a partition; commissioners had been appointed and had filed their report; the court approved the report "in conformity with the provisions of the Stipulation made by the parties"; all the parties, by their counsel, approved that judgment; they approved that provision which set out the duty of each party to harvest the crops and, after paying the expenses incidental thereto, to pay the net proceeds to the

other parties in proportion to their interests. The balance of the property had already been divided and taken into possession by the respective owners, "for the purpose of working and using said properties." We think the immediate possession and enjoyment of the net proceeds from the grain was a right equal to the right to possess the land, equipment, and cattle.

Appellants earnestly insist that the order was a temporary mandatory injunction, and is appealable under express provisions of the statute. They point out that the pleadings of appellees call their application a "motion for injunction" and "supplemental motion for injunction." In Alpha Petroleum Co. v. Dunn, Tex.Civ.App., 60 S.W. 2d 469, it was said: " * * * the fact that appellees asked in their application for 'a mandatory injunction' requiring appellants to pay the money into court cannot make the order requiring appellants to so pay the money an injunction when such order in no respect complies with the provisions of the statute in granting and issuing a temporary injunction, and when the order expressly states that all 'interlocutory relief' not therein expressly decreed is refused. This record only presents a case in which the trial court, holding that appellants were stakeholders, ordered them to pay the money in their possession into the registry of the court, and it matters not how erroneous or unauthorized such order may be, this court is without jurisdiction to hear and determine an appeal therefrom. Wilson Hardware Co. v. Duff, 98 Tex. 467, 85 S.W. 786." We think the order attempted to be appealed from was but a reiteration of the order made in the judgment approving the report of the commissioners, which appears to have been approved by all the parties, and was in conformity with their prior stipulation. It therefore is not, in our opinion, a temporary injunction from which an appeal will lie.

The motion to dismiss the appeal is sustained, and the appeal is dismissed.