**DIANA RIVERA & ASSOCIATES, P.C., Appellant,**

v.

**David CALVILLO, Appellee.**

**No. 13–98–604–CV.**

Court of Appeals of Texas, Corpus Christi.

Feb. 18, 1999.

Rehearing Overruled April 1, 1999.

Yolanda Jurado, Edinburg, for appellant.

Jose Antonio Gomez, Edinburg, Raymond L. Thomas, Kittleman, Thomas, Ramirez & Gonzalez, John Gregory Escamilla, Rodriguez, Pruenda, Tovar, Calvillo & Garcia, McAllen, for appellee.

Before Justices DORSEY, CHAVEZ, and RODRIGUEZ.

## OPINION

RODRIGUEZ, Justice.

This is an attempted interlocutory appeal from an order requiring appellant, Diana Rivera and Diana Rivera & Associates,[1] to prepare a sworn accounting and to tender legal fees into the registry of the court. Appellee, David Calvillo, has filed a motion to dismiss this appeal for want of jurisdiction and for sanctions for the filing of a frivolous appeal. We grant the motion to dismiss and impose sanctions against Rivera in the amount of $8,800.

Rivera originally sued attorneys John O'Quinn and Bonham, Carrington & Fox for a declaratory judgment that no contract existed between them concerning the referral of breast implant litigation cases. The suit against O'Quinn was settled, and the suit against Bonham, Carrington & Fox was non-suited. Prior to the settlement and nonsuit, Calvillo intervened, asserting an interest in the referral fees.

On May 13, 1998, the trial court ordered that Rivera prepare and deliver to Calvillo a sworn accounting of all breast implant cases

Rivera acquired since February 1, 1993, and to tender into the registry of the court at least fifty percent of all fees Rivera had recovered from those cases. The court further ordered that should Rivera fail to provide the accounting, the court would appoint

> Veronica Gonzalez to serve as an auditor whose duties shall include performing research and investigation necessary to prepare and deliver the accounting described above. [Rivera] shall fully cooperate with the auditor and provide the auditor access to [Rivera's] records pertaining to all breast implant claims acquired by [Rivera] on or after February 1, 1993.

On October 23, 1998, the court modified the May 13th order by substituting a new compliance date and a new auditor. The remainder of the May 13th order was unchanged.

### MOTION TO DISMISS

A party may bring an interlocutory appeal from an order appointing a receiver, TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(1) (Vernon Supp.1999), or from an order that grants a temporary injunction. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(4) (Vernon Supp.1999). Rivera's original notice of appeal asserted the order appealed from appointed a receiver. The notice of appeal was subsequently amended to state the order appealed from was also an order granting a temporary injunction. See TEX.R.APP. P. 25.1(f). Calvillo asserts the order at issue does not appoint a receiver or constitute a temporary injunction. We agree.

### THE ORDER DID NOT APPOINT A RECEIVER

Pursuant to the civil practice and remedies code, a receiver has the following duties and powers:

(1) take charge and keep possession of the property;

(2) receive rents;

(3) collect and compromise demands;

(4) make transfers; and

(5) perform other acts in regard to the property as authorized by the court.

---

1. Diana Rivera and Diana Rivera & Associates will be collectively referred to as "Rivera."

TEX. CIV. PRAC. & REM.CODE ANN. § 64.031 (Vernon 1997). By contrast, an auditor is defined as "a person appointed and authorized to audit an account or accounts." WEBSTER'S NEW TWENTIETH CENTURY DICTIONARY UNABRIDGED 123 (2d ed.1980). "Audit" is defined as "an **examination** of an account or accounts by proper officers or persons appointed for that purpose who compare the charges with the vouchers, examine witnesses, and **report** the results." *Id.* (emphasis added). The rules of civil procedure specifically provide for the appointment of an auditor to investigate accounts and make a report thereof to the court. TEX.R. CIV. P. 172.

Despite Rivera's attempts to characterize the court's actions as appointing a receiver, the order at issue merely appointed an auditor to review Rivera's accounts and to report the results. The auditor was not authorized to take over the financial aspects of Rivera's law practice. Moreover, the order specified that the auditor would be authorized to commence the examination only if Rivera failed to provide the information to the court herself.

## THE ORDER DID NOT IMPOSE A TEMPORARY INJUNCTION

■ Relying on *Pilot Eng'g Co. v. Robinson,* 470 S.W.2d 311, 312 (Tex.Civ.App.—Waco 1971, no writ), Rivera next argues the order can properly be characterized as a temporary injunction because it directed her to deliver property, *i.e.,* Rivera's breast implant contracts, the referral contracts with other lawyers, and all ledgers reflecting the status of those cases, to the auditor. More importantly, Rivera argues the court ordered her to deposit into the registry of the court fifty percent of all fees generated from the contested cases.

In *Pilot Engineering,* the owner of a one-third interest in Pilot Engineering Company sued Pilot Engineering and the other two owners for an accounting and damages. After an interlocutory hearing, the trial court denied the plaintiff's request for appointment of a receiver, but ordered that cashier's checks in the amount of $10,000 be placed into the court's registry. The court of appeals held this order to be an appealable temporary injunction. *Id.*

*Pilot Engineering* relied on *Whatley v. King,* 151 Tex. 220, 249 S.W.2d 57 (1952). In *Whatley,* the trial court entered an order that required the plaintiff to restore replevied personal property to the defendant. The supreme court concluded the trial court's order was a mandatory injunction subject to appeal. *Id.* at 58. *Whatley* is distinguishable in that the plaintiff was ordered to deliver the property in issue directly to the defendant, rather than into the registry of the court for later distribution. The supreme court held that "the order issued by the trial court contains all the elements of finality so far as petitioner is concerned." *Id.* No mention was made of article 4662, the predecessor to section 51.014 of the civil practice and remedies code. Thus, we conclude *Whatley* was limited to the extraordinary situation in which the order is a mandatory injunction that effectively and finally adjudicates the rights of the complaining party. No such situation exists here. The trial court's order to deposit money into the registry of the court does not finally adjudicate the rights of the parties. It merely protects contested funds against depletion or loss pending final disposition of the case.

Because of its reliance on *Whatley,* which we find distinguishable, we decline to follow *Pilot Engineering,* and instead find the reasoning and authority of *Prodeco Exploration, Inc. v. Ware,* 684 S.W.2d 199 (Tex.App.—Houston [1st Dist.] 1984, no writ), persuasive. In *Prodeco Exploration,* the owner and operator of a working interest in a producing oil and gas leasehold brought an action for declaratory relief alleging that the royalty claimant was not entitled to certain monies under the lease. The trial court ordered the owner to deposit $80,000 and future monthly production payments into the registry of the court. Finding that a trial court has the inherent authority to order a party to deposit disputed funds into the registry of the court, the First Court of Appeals held such an order is interlocutory and not appealable. *Prodeco Exploration,* 684 S.W.2d at 201.

*Prodeco Exploration* relied on the Texas Supreme Court's opinion in *Castilleja v.*

*Camero*, 414 S.W.2d 431 (1967), a proceeding in which a co-winner of a Mexican lottery ticket filed a writ of mandamus to compel the constructive trustee of the lottery proceeds to deposit funds in the registry of the court. The supreme court held that where the ownership of the funds was in dispute and the funds were in danger of being lost or depleted, a court can order payment of the disputed funds into its registry until ownership is decided. *Id.* at 433.[2]

The Dallas Court of Appeals has also declined to follow *Pilot Engineering,* and expressly disagrees with its holding. In *McQuade v. E.D. Sys. Corp.*, 570 S.W.2d 33, 35 (Tex.Civ.App.—Dallas 1978, no writ), the trial court ordered the defendant to deliver for attachment "all cash which is presently in his possession or under his control, up to $15,000." The *McQuade* court engaged in an excellent analysis of why *Whatley* is limited to its facts, and the error of the holding in *Pilot Engineering* that an order to deposit funds into the registry of the court amounts to a mandatory injunction. *McQuade*, 570 S.W.2d at 34.

Were we to agree with Rivera and hold that the order to deposit funds into the registry of the court constituted a temporary injunction, every order by a trial court to deposit contested funds into the court's registry would be interlocutorily appealable. Like the *McQuade* court, we are "loathe to hold that the mere fact that the defendant was directed to do a certain thing pending trial makes the court's order a temporary injunction." *McQuade*, 570 S.W.2d at 35; *see also Furr v. Furr*, 346 S.W.2d 491, 495 (Tex.Civ.App.—Fort Worth 1961, writ ref'd n.r.e.); *Alpha Petroleum Co. v. Dunn*, 60 S.W.2d 469, 471 (Tex.Civ.App.—Galveston 1933, writ dism'd) (orders to deposit money into the registry of the court cannot be characterized as appealable temporary injunctions).

We find it significant that in *Furr* and *Alpha Petroleum*, the orders to deposit funds were contained within a request for injunctive relief. Even in these cases, the court refused to find the orders to deposit funds appealable:

> This record only presents a case in which the trial court, holding that appellants were stakeholders, ordered them to pay the money in their possession into the registry of the court, and it matters not how erroneous or unauthorized such order may be, this court is without jurisdiction to hear and determine an appeal therefrom.

*Furr*, 346 S.W.2d at 495 (citing *Alpha Petroleum*, 60 S.W.2d at 471).

The order from which Rivera appeals is neither one that appoints a receiver nor one that creates an injunction. Thus, there is no basis for this Court to assume jurisdiction and the appeal must be dismissed.

## MOTION FOR SANCTIONS

Calvillo has also requested that we assess damages for the filing of a frivolous appeal. Rule 45 of the rules of appellate procedure provides that

> If the court of appeals determines that an appeal is frivolous it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages.

Tex.R.App. P. 45. Rivera received notice of our preliminary determination that the appeal may be frivolous. She filed a response, and the court conducted an oral hearing.

We find that the underlying trial in this case has been fraught with delay occasioned by Rivera's dilatory tactics for which she has twice been sanctioned. In 1998, Antonio Gomez, Rivera's attorney at the time, challenged Judge Juan Partida, the trial judge, in an election for the bench. On March 9, 1998, three days before the primary election, Rivera filed a motion to recuse Judge Partida on the basis that the judge had a long-standing personal and professional relationship with Calvillo's law firm. Presiding Judge Darrell Hester appointed Judge Joaquin Villarreal to hear the motion. Judge Villarreal determined the motion to recuse was frivolous, and sanctioned Rivera in the amount of

---

**2.** *Castilleja* was not an appeal from the order to deposit funds into the registry of the court, but an appeal from a writ of mandamus granted in the trial court.

$8,000 as reasonable costs and attorney's fees.

Imposition of the second sanction occurred after Rivera disregarded a rule 11 agreement regarding discovery.[3] Rivera's violation of the rule 11 agreement, coupled with her failure to present herself at three previously scheduled depositions, led Judge Partida to order that Rivera comply with the rule 11 agreement, and to sanction her in the amount of $6,500 as reasonable attorney's fees and costs.

As additional evidence of Rivera's delay tactics, the instant appeal was filed on Friday, November 6, 1998, three days before the underlying trial was set to commence. Rather than filing this appeal, Rivera could have filed a petition for writ of mandamus. The inference from this choice is clear: proceedings in a mandamus action are only stayed pursuant to a request for emergency relief, TEX.R.APP. P. 52.10, while the filing of an appeal automatically confers jurisdiction on the appellate court, TEX.R.APP. P. 25.1(a), thereby precluding the trial court from going forward with the scheduled trial.

 In determining whether sanctions are appropriate, we must decide whether Rivera had a reasonable expectation of reversal or whether she pursued the appeal in bad faith. *Tate v. E.I. DuPont de Nemours & Co.,* 954 S.W.2d 872, 875 (Tex.App.—Houston [14th Dist.], no writ). In light of the provisions of the Texas Civil Practice and Remedies Code pertaining to interlocutory appeals, and the case law from four different courts of appeal construing Rivera's position adversely, we cannot conclude that Rivera had any reasonable expectation that this Court would assume jurisdiction of the appeal. Given Rivera's previously sanctioned dilatory tactics, and the timing and effect of the filing of this appeal, we can only conclude Rivera filed the appeal in bad faith.

At our request, Calvillo has filed documentation indicating the amount of attorney's fees he has incurred in responding to the appeal to be $8,800. Accordingly, we award

Calvillo, as just damages for having to respond to this frivolous appeal, attorney's fees in the amount of $8,800.

### CONCLUSION

Calvillo's motion to dismiss is granted. The appeal is DISMISSED FOR WANT OF JURISDICTION. The motion for sanctions is also granted. Diana Rivera and Rivera & Associates are ORDERED to pay to David Calvillo, on or before March 2, 1999, the sum of $8,800. Rivera's motions to determine the excessiveness of bond and extend the time to file her brief are DENIED AS MOOT.

---

**3.** Contrary to the rule 11 agreement, Rivera noticed Calvillo for his deposition before she re-

sponded to his outstanding discovery requests.