NUMBER 13-04-095-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI
___________________________________________________________________

MARK SOSSI,                                                                  Appellant,

v.

WILLETTE & GUERRA, 
A TEXAS LIMITED LIABILITY PARTNERSHIP,                        Appellee.
___________________________________________________________________

On appeal from the 357th District Court
of Cameron County, Texas.
__________________________________________________________________

O P I N I O N

Before Justices Yañez, Rodriguez, and Garza
Opinion by Justice Rodriguez

         On June 27, 2002, appellee Willette & Guerra, a Texas law firm, filed suit
against appellant Mark E. Sossi for monies that were paid to appellant while he was
an attorney with Willette & Guerra. On December 30, 2003, appellant filed a motion
titled "Defendant Mark E. Sossi's Motion to Consolidate Actions." The trial court
denied appellant's motion. From that denial, appellant files this interlocutory appeal
contending, by one issue, the trial court erred in denying his motion. We dismiss for
lack of jurisdiction and impose sanctions.
I. Appellant's Motion
         In his December 30 motion, appellant sought consolidation pursuant to rule 174
of the Texas Rules of Civil Procedure, see Tex. R. Civ. Proc. 174, and asserted joinder
pursuant to section 15.003 of the Texas Civil Practice and Remedies Code. See Tex.
Civ. Prac. & Rem. Code Ann. § 15.003 (amended by H.B. 4, § 3.03, 78th Leg., eff.
Sept. 1, 2003).



         By his motion, appellant sought consolidation of appellee's case, Willette &
Guerra v. Sossi, cause number 2002-06-2563-E, filed in Cameron County (the W&G
case) with Sorola v. Sossi, cause number C-185-02-B, filed earlier in Hidalgo County
(the Sorola case).


 In the W&G case, appellee is seeking damages for appellant's
alleged breach of fiduciary duty and conversion of funds. The attorneys' fees at issue
in the W&G case have their basis in the settlement of a wrongful death action styled
Graciela Zamora, Individually, et al. v. ABB ASEA Brown Boveri (Holding) Ltd., et al.,
cause number 1999-04-001644-G (the Zamora case). In the Zamora case, appellee
represented Schaefer Stevedoring, Inc., a company that had several employees who
witnessed the accident that formed the basis of that lawsuit. The company, however,
was not brought in as a defendant in the Zamora case. After the Zamora case settled
and before the W&G case was filed, Louis S. Sorola, one of plaintiffs' attorneys in the
Zamora case, filed suit against appellant in Hidalgo County. The Sorola case seeks a
declaratory judgment that appellant did not have an attorney-client relationship with
Graciela Zamora, a plaintiff in the Zamora case, and therefore owed Zamora no legal
duty.


 Appellant urged consolidation because both cases allegedly involve the same
and/or significantly overlapping issues.
         Appellant also urged joinder in his motion. Without more, appellant provided the
following reasons for joinder:
[M]aintaining venue in Hidalgo County does not unfairly prejudice any
party to this suit, Willette & Guerra, L.L.P.,['s] principal place of doing
business is Hidalgo County, Texas, there is an essential need to have the
person[']s claim tried in the county where the suit is pending and Hidalgo
County is a fair and convenient venue for all parties.II. Analysis
         By his sole issue on appeal, appellant contends the court erred in denying his
motion for joinder pursuant to section 15.003 of the civil practices and remedies code. 
See Tex. Civ. Prac. & Rem. Code Ann. § 15.003 (amended by H.B. 4, § 3.03, 78th
Leg., eff. Sept. 1, 2003). Appellant argues he seeks to join and consolidate the W&G
case and the earlier-filed Sorola case. He seeks joinder of the parties and cases in the
Sorola case which was first filed in Hidalgo County. Appellant contends "[t]here is no
disputing that all four elements required for joinder are met." He continues by
asserting that joinder and intervention in the suit was proper under the Texas Rules of
Civil Procedure, and that venue in Hidalgo County will not unfairly prejudice any party
in the suit because appellee maintains an office in Hidalgo County. Appellant asserts
he has an indispensable need to have the matters determined by one court, which
should be the court in which the first litigation was initiated. He further argues he
should not be required to defend separate actions, each of which allegedly involves
identical facts and issues. He argues that different results could expose him to
inconsistent judgments.
         These arguments, however, are made in support of change of venue and
consolidation, not joinder or intervention. The facts of this case do not support a
different result. While section 15.003 provides for an expedited interlocutory appeal
of the trial court's venue determination in the multiple or intervening plaintiff context,
see id. § 15.003(c), this appeal presents no issue regarding any determination by the
trial court that an intervening plaintiff failed to independently establish venue. The
only issue in this appeal is whether the trial court erred in denying the consolidation
of the W&G case and the Sorola case.
                   Section 15.003 expressly allows an interlocutory appeal for
only one purpose–to "contest the decision of the trial court
allowing or denying intervention or joinder." Tex. Civ. Prac.
& Rem. Code Ann. 15.003(c) . . . . Similarly, the statute
limits the reviewing court's inquiry to a single question–
"whether the joinder or intervention is proper." Id. §
15.003(c)(1) . . . . This language indicates that the
legislative intent underlying section 15.003(c) was quite
narrow: to permit a dissatisfied litigant to obtain speedy
appellate review of a trial court's decision regarding
whether certain plaintiffs may properly join in the suit.

Masonite Corp. v. Garcia, 951 S.W.2d 812, 816 (Tex. App.–San Antonio 1997, orig.
proceeding) (consolidated interlocutory appeal dismissed for lack of jurisdiction), mand.
granted on other grounds sub nom In re Masonite, 997 S.W.2d 194, 199 (Tex. 1999). 
         This Court has jurisdiction over an interlocutory appeal only when expressly
provided by statute. Stary v. DeBord, 967 S.W.2d 352, 352-53 (Tex. 1998). If there
is no statute specifically authorizing an interlocutory appeal, the Texas appellate courts
have jurisdiction only over final judgments. Id.; Cherokee Water Co. v. Ross, 698
S.W.2d 363, 365 (Tex. 1985). Appellant's contentions and arguments, and the facts
of this case, make clear that he is not contesting any decision regarding joinder, the
sole basis for a section 15.003(c) interlocutory appeal. See Masonite Corp., 951 at
817; see also Tex. Civ. Prac. & Rem. Code Ann. § 15.003 (amended by H.B. 4, §
3.03, 78th Leg., eff. Sept. 1, 2003). Instead, appellant is contesting a decision
regarding consolidation, a decision not subject to interlocutory appeal. See Tex. R. Civ.
P. 174.
         Finally, appellant argues that he seeks joinder of parties and urges us to look at
the substance of the motion to determine the relief sought and not merely to its title. 
See Surgitek, Bristol-Myers Corp. v. Abel, 997 S.W.2d 598, 601 (Tex. 1999). We
have looked at the substance of the motion and have concluded appellant's arguments
are those made in support of change of venue and consolidation, not joinder or
intervention. In this case, the motion's title accurately reflects the substance of the
motion.
         Appellant's sole issue is overruled.III. Sanctions
         Appellee has filed a motion requesting the imposition of sanctions against
appellant for filing a frivolous appeal. Rule 45 of the rules of appellate procedure
provides that:
If the court of appeals determines that an appeal is frivolous it may – on
motion of any party or on its own initiative, after notice and a reasonable
opportunity for response – award each prevailing party just damages.

Tex. R. App. P. 45. Appellee filed its motion for sanctions on June 4, 2004. This
Court requested that appellant respond to the motion by June 14, 2004. No response
has been filed.
         "In determining whether sanctions are appropriate, we must decide whether
[appellant] had a reasonable expectation of reversal or whether [he] pursued the appeal
in bad faith." Rivera v. Calvillo, 986 S.W.2d 795, 799 (Tex. App.–Corpus Christi
1999, pet. denied). Additionally, "[t]he Texas Disciplinary Rules of Professional
Conduct impose upon counsel the duty of candor toward the court." Schlafly v.
Schlafly, 33 S.W.3d 863, 873 (Tex. App.–Houston [14th Dist.] 2000, pet. denied)
(citing Tex. Disciplinary R. Prof'l Conduct 3.03(a)(1) (a "lawyer shall not knowingly
make a false statement of material fact or law to a tribunal"); Texas Lawyer's Creed,
Lawyer and Judge 6 ("I will not knowingly misrepresent, mischaracterize, misquote or
miscite facts or authorities to gain an advantage."); and Texas Standards of Appellate
Conduct, Lawyer's Duties to the Court 4 (appellate counsel instructed not to
"misrepresent, mischaracterize, misquote or miscite the factual record or legal
authorities.")); see generally Douglas R. Richmond, Appellate Ethics: Truth, Criticism,
and Consequences, 23 Rev. Litig. 301 (2004). "The duty of honesty and candor a
lawyer owes to the appellate court, includes fairly portraying the record on appeal. 
Misrepresenting the facts in the record not only violates that duty but subjects
offenders to sanctions." Schlafly, 33 S.W.3d at 873. "Failure to observe these very
basic standards of appellate practice erodes the ethical standards on which the legal
profession and the appellate process are based." Id. at 874.
         In this case, the notice of appeal titled "Notice of Interlocutory Appeal,"
represented that appellant was appealing from an order denying his motion for joinder
in a civil action, pursuant to civil practice and remedies code section 15.003(c). In his
docketing statement, appellant set out that the trial court denied his motion for joinder
with the Sorola case and that the issue on appeal was one of consolidation and
joinder. No order was attached to appellant's docketing statement. Appellant's brief
was also filed with no appendix. Thus, a copy of the trial court's order denying his
consolidation motion was not included as required by appellate rule 38.1(j)(1)(A).


 
Tex. R. App. P. 38.1(j)(1)(A). In its motion for sanctions, appellee asserts that, after
receiving appellant's notice of appeal, appellee pointed out to appellant the frivolous
nature of his appeal and urged him to reconsider and dismiss the appeal. When
appellant did not respond to that request, appellee filed its docketing statement and
response brief, wherein it asserted that this Court lacked appellate jurisdiction.
         In light of the provisions of the Texas Civil Practice and Remedies Code
pertaining to interlocutory appeals, the supporting case law, the facts of the case,
appellant's own contentions and arguments made on appeal, and his
misrepresentations regarding the nature of this appeal, we cannot conclude that
appellant had any reasonable expectation that this Court would assume jurisdiction of
the appeal. See Rivera, 986 S.W.2d at 799. Moreover, appellant, who has
mischaracterized the nature of the appeal as an interlocutory appeal, which requires
that judgment be rendered not later than the 120th day after the date of the perfection
of the appeal, has imposed a hardship on this reviewing Court and its staff, as well as
on other appeals pending before this Court. See Schlafly, 33 S.W.3d 873. We
conclude appellant's actions subject him to sanctions. See id.
         Appellee has filed the affidavit of Alejandro J. Garcia, an attorney who was
retained as appellate counsel for appellee in this case. Garcia states that the amount
of attorney's fees incurred in responding to this appeal is $4,600. Accordingly, we
award appellee, as just damages for having to respond to this frivolous appeal,
attorneys' fees in the amount of $4,600. See Tex. R. App. P. 45.
IV. Conclusion
         We conclude section 15.003(c) does not allow for an interlocutory appeal in this
case, and thus we lack appellate jurisdiction. Appellee urges this Court to dismiss this
appeal pursuant to Texas Rule of Appellate Procedure 42.3(a). See Tex. R. App. P.
42.3(a) (on any party's motion appellate court may dismiss appeal if appeal is subject
to dismissal for want of jurisdiction). Accordingly, we dismiss this appeal for want of
jurisdiction.
         Furthermore, the motion for sanctions is granted. Mark E. Sossi is ordered to
pay Willette & Guerra, on or before July 9, 2004, the sum of $4,600.           
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice



Opinion delivered and filed
this the 18th day of June, 2004.