ACCEPTED
01-14-01030-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/4/2015 4:30:04 PM
CHRISTOPHER PRINE
CLERK

No. 01-14-01030-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

8/4/2015 4:30:04 PM

CHRISTOPHER A. PRINE
Clerk

IN THE
COURT OF APPEALS
FOR THE
FIRST SUPREME JUDICIAL DISTRICT OF TEXAS
HOUSTON, TEXAS

_____

TARRIS WOODS, Appellant
v.
SANDRA T. KENNER AND CHARLES E. TWYMON, JR., Appellees

_____

## APPELLEE'S MOTION FOR RULE 45 DAMAGES

To the Honorable Court of Appeals:

Sandra T. Kenner and Charles E. Twymon, Jr., Appellees, move the Court to award damages or sanctions against the Appellant, Tarris Wood, pursuant to Tex. R. App. P.45, and show:

### I. This Motion.

Appellees acknowledge that this motion invokes an exercise of discretion that an appellate court exercises with prudence and after careful deliberation, and in truly egregious circumstances. Smith v. Brown, 51 S.W.3d 376, 381 (Tex.App.-Houston [1st Dist.] 2001, pet. denied). Nevertheless, the appellant has presented this Court with a series of motions, and then a brief on the merits, all of which reflect no reasonable grounds to believe the judgment could be reversed or other relief granted.

II. The Appellant's Frivolous Filings.

First, the appellant moved to remand the case for the entry of additional findings of fact and conclusions of law, despite having failed to actually request any additional findings of fact or conclusions of law from the trial court. Since the motion presented nothing for this Court to review, the motion was denied.

Then, the appellant moved this Court to enjoin the continuation of Appellee's Sandra Kenner's lawsuit to recover damages arising from the Appellant for withholding possession of their jointly owned property. That motion offered nothing to invoke this Court's power to preserve its appellate jurisdiction, so that motion was also denied.

At the same time, Appellant moved of the trial court's order establishing the amount of the Appellant's supersedeas bond. However, the Appellant failed to provide a record of the trial court proceedings, even though the Appellant seemed to have procured that record, and actually produced a portion of it, consisting of the trial court's announcement of its ruling. No explanation was provided for the Appellant's selective submission of the trial court's announcement, but his refusal to submit the rest of the record of that proceeding. Of course, that motion also was denied.

After moving for his third extension of time to file a brief on the merits, the Appellant submitted a brief which:

A. complained that the application by Appellee Charles Twymon, Jr., should have been dismissed for want of prosecution because he failed to appear in person, contrary to the express language of Tex. R. Civ. P. 7.

B. argued against the factual sufficiency of the evidence to overcome the presumption of revocation arising from the failure to locate the Decedent's original Will, in the face of the testimony of several witnesses to the ruination of all the Decedent's personal papers and effects by Hurricane Ike; and

C. sought to fashion an argument based upon what a lawyer has said in another proceeding, based on a record of those proceedings which was attached to the Appellate's brief, but not appearing to have been any part of the proceedings in this case, and without any reasonably articulate expression of how the appendix to his brief could possibly demonstrate any semblance of reversible error.

### III. Argument

This Court reviews the record from the advocate's viewpoint, to decide whether he had reasonable grounds to believe the judgment could be reversed. Smith v. Marshall B. Brown, P.C., 51 S.W.3d 376, 381 (Tex. App.-Houston [1st Dist.] 2001, pet. denied). The grounds for the decision to grant this motion may include unsupported factual statements (and misstatements), the failure to preserve error for appeal, and the absence of legal merit in his arguments. Hunt v. CIT Group/ Consumer Finance, Inc., 03-09-00046-CV (Tex. Ct. App. – Austin, April 15, 2010,

pet denied). This appellant's multiple filings requesting relief where he failed to preserve error, failed to submit a supporting record, and presented grossly unmeritorious arguments, all fit within those parameters.

### IV. Supporting Affidavit of Damages.

Courts awarding sanctions for a frivolous appeal under Rule 45 typically award attorney's fees for the appeal. Hunt v. CIT Group/Consumer Finance, Inc., supra, citing, Smith v. Marshall B. Brown, P.C., supra at 382 ($5,000); Chapman v. Hootman, 999 S.W.2d 118, 125 (Tex. App.--Houston [14th Dist.] 1999, no pet.)($5,000); Mid-Continent Cas. Co. v. Safe Tire Disposal Corp., 2 S.W.3d 393, 397 (Tex. App.--San Antonio 1999, no pet.) ($5,000);and Diana Rivera & Assocs., P.C. v. Calvillo, 986 S.W.2d 795 (Tex. App.--Corpus Christi 1999, pet. denied) ($8,800). Proof by affidavit is a proper method of establishing the appropriate sanction for the filing of a frivolous appeal, Id., and Smith v. Marshall B. Brown, P.C., supra. Appellees attach their attorney's affidavit that a reasonable fee for the Appellees' attorney's efforts would be $3200.00, compensating that attorney for expending seven hours of time in responding to the appellate's three frivolous motions, and nine hours in briefing the merits.

For the reasons stated, Appellees Sandra T. Kenner and Charles E. Twymon, Jr., pray that the Court's judgment affirming that of the trial court also make an award

of $3200.00 in damages to the Appellees for the Appellant's frivolous appeal.

Respectfully submitted,

/s/Thomas W McQuage
Thomas W. McQuage
Post Office Box 16894
Galveston, Texas 77552-6894
(409) 762-1104
(409) 762-4005 (FAX)
State Bar No. 13849400
mcquage@swbell.net
ATTORNEY FOR APPELLEES

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was delivered to counsel for the Appellees on the 4th day of August, 2015, by serving Douglas T. Godinich, through the Efile.TX Courts electronic service.

/s/Thomas W McQuage

No. 01-14-01030-CV

_____

IN THE
COURT OF APPEALS
FOR THE
FIRST SUPREME JUDICIAL DISTRICT OF TEXAS
HOUSTON, TEXAS

_____

TARRIS WOODS, Appellant
v.
SANDRA T. KENNER AND CHARLES E. TWYMON, JR., Appellees

_____

AFFIDAVIT SUPPORTING APPELLEE'S MOTION FOR RULE 45 DAMAGES

BEFORE ME, the undersigned authority, on this day personally appeared Thomas W. McQuage, who after being by me duly sworn, on oath deposed and said:

My name is Thomas W. McQuage. I am the attorney of record for the Appellees in this appeal. I have personal knowledge of the facts stated in this affidavit, and they are true and correct. I have never been convicted crime, and I am fully competent to make this affidavit.

In the course of representing the Appellees in this appeal, I have prepared and filed a response to the Appellant's Motion to remand the case for the entry of additional findings of fact and conclusions of law, and I estimate that I spent approximately three hours preparing, filing and serving that response, including the research necessary to assemble the five cases cited in the response. I also prepared

-1-

the Appellees' response to the Appellant's motion to enjoin the continuation of Sandra Kenner's lawsuit to recover damages arising from the Appellant for withholding possession of their jointly owned property. I estimate that I spent about two hours preparing a response to that motion. Likewise, I estimate that I spent about two hours preparing a response to the Appellate's motion for this Court to review or establish the amount of the Appellant's supersedeas bond. In briefing the merits of the case, I estimate that I expended about nine hours on the work necessary to prepare, file and serve that brief. That work included reviewing and preparing a written summary of the entire content of the Clerk's Record and the Reporter's Record, with notations to pertinent page numbers, legal research to provide appropriate citations, and then composing the brief.

I customarily charge an hourly rate of $200.00 per hour. I have been licensed to practice law in the State of Texas since 1979, and I am familiar with rates charged by attorneys in Galveston County for services such as those performed by me in this case. I therefore believe a reasonable attorneys' fee in this case to be $3200.00. I have refrained from billing the Appellees for this work, principally because Appellee Sandra Kenner, who is the appellee primarily interested in the outcome of this appeal, lacks the financial wherewithal to pay a bill for those services. However, if the Court were to make an award commensurate with the reasonable value of those services, I

would gladly propose that Ms. Kenner compensate me for those professional services.

_____
Thomas W. McQuage

**SUBSCRIBED AND SWORN TO BEFORE ME** by Thomas W. McQuage on the _____ day of _August_, 2015.

_____
Notary Public, State of Texas

-3-