**REVERSED AND REMANDED IN PART AND DISMISSED IN PART and Opinion Filed July 26, 2021**



**In the**

**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00940-CV**

**FIVE STAR GLOBAL, LLC, FIVE STAR GLOBAL HOLDINGS, LLC, FIVE STAR GLOBAL INVESTMENT HOLDINGS, LLC, CALIDANT CAPITAL, LLC A/K/A CCP WOLF HOLDINGS, LLC, DREW N. BAGOT, AND DAVID W. LAI, Appellants**
**V.**
**MARK HULME AND FIVE POINTS HOLDINGS, LLC, Appellees**

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-08643**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Carlyle

Appellants Five Star Global, LLC ("FSG"), Five Star Global Holdings, LLC,

Five Star Global Investment Holdings, LLC, Calidant Capital, LLC, Drew N. Bagot,

and David W. Lai (collectively, the "FSG Parties") appeal the trial court's

interlocutory Order on Plaintiffs' Application to Appoint Receiver over Five Star

Global, LLC. We reverse in part and dismiss in part in this memorandum opinion.

*See* TEX. R. APP. P. 47.4.

FSG organizes and supports trade shows, conferences, and other events related to the residential mortgage and real estate industries. In May 2018, FSG acquired certain assets from Five Points Holdings, LLC ("FPH"), in a deal that made FPH a minority member of the holding company that owns FSG. At the same time, FSG hired FPH's owner, Mark Hulme, as its chief creative officer.

According to Mr. Hulme, FSG wrongfully terminated his employment in April 2019. FSG contends it fired him for cause in January 2020. Regardless, Mr. Hulme and FPH sued the FSG parties in June 2020 and filed an application to appoint a receiver over FSG two months later. In their application, they alleged that FSG's managers were making preferential payments to themselves and mismanaging the company, leaving FSG at or near the point of insolvency.

In support of their application, Mr. Hulme and FPH attached affidavits which they contend show FSG: (1) wrongfully withheld financial records from FPH; (2) sustained operating losses in 2018 and 2019; (3) defaulted on a loan from FPH; (4) defaulted on a loan from Southfield Mezzanine Capital LP; (5) defaulted on a credit agreement with Veritex Bank; (6) decreased marketing efforts, despite lagging revenues; and (7) raised limited additional operating capital in 2020, at a valuation significantly lower than the company's 2018 valuation, which management then used to pay insider loans and their own management fees.

The FSG Parties responded with their own evidence, blaming FSG's recent struggles on both record-low foreclosure volumes, which adversely affected demand

from core customers, and the pandemic, which further drove down foreclosure volumes and limited its core business of organizing in-person conferences. They denied that FSG reduced its marketing efforts and asserted the company was being appropriately managed—as evidenced by, among other things, recent gains made in transitioning to virtual events. In addition, the FSG parties denied that FSG was either in default on its loans or insolvent, noting that it projected nearly $300,000 cash on hand by the end of 2020 and more than $1.1 million in adjusted EBITDA in 2021.[1] Thus, they argued, there was no imminent danger of great loss that might warrant a receiver. In fact, appointing a receiver would only harm FSG by potentially triggering defaults on its loans.

At the hearing on the application, the trial court said it did not know what to believe regarding FSG's financial condition. On the one hand, it thought Mr. Hulme and FPH "ma[de] a very good argument that this company seems to be on the verge of collapse." On the other hand, the FSG Parties "made a very good argument that it's not as bad as it seems." The trial court attributed the confusion, at least in part, to the fact that the parties were basing their arguments on different information. The trial court thus entered an order appointing Kevin Buchanan to act as a "limited receiver" for the purpose of taking possession of FSG's books and records, investigating the company's financial condition, and reporting back on whether the court should expand his "limited powers."

---

[1] EBITDA refers to earnings before interest, taxes, depreciation, and amortization.

The FSG Parties contend the trial court lacked a sufficient basis to appoint a receiver, an issue we review for abuse of discretion. *See Spiritas v. Davidoff*, 459 S.W.3d 224, 231 (Tex. App.—Dallas 2015, no pet.). But before we can review the trial court's order here, we must determine the extent of our jurisdiction. *See Stevenson v. Ford Motor Co.*, 608 S.W.3d 109, 115 (Tex. App.—Dallas 2020, no pet. h.) (appellate courts are obligated to review *sua sponte* issues affecting jurisdiction because appellate jurisdiction is never presumed).

A party may appeal from an interlocutory order only if expressly permitted by statute, and we strictly apply such statutes "because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable." *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). Where only a portion of an order qualifies for interlocutory review, we generally cannot exercise jurisdiction over other portions of the order. *See Walker v. Pegasus Eventing, LLC*, No. 05-19-00252-CV, 2020 WL 3248476, at *5 (Tex. App.—Dallas June 16, 2020, pet. denied) (mem. op.); *Schlumberger Ltd. v. Rutherford*, 472 S.W.3d 881, 890–91 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *but see Dallas Symphony Ass'n, Inc. v. Reyes*, 571 S.W.3d 753, 760–61 & n.36 (Tex. 2019) (neither approving nor disapproving of this reasoning but noting at least one exception where the statute's text specifically authorizes an appeal from an order denying a motion based in whole or in part on an appealable ground).

The Civil Practices and Remedies Code provides that a party may appeal from an interlocutory order that "appoints a receiver or trustee." TEX. CIV. PRAC. & REM. CODE § 51.014(a)(1). Thus, we have jurisdiction to review the trial court's order to the extent it in fact appoints Mr. Buchanan as a receiver. *See Chapa v. Chapa*, No. 04-12-00519-CV, 2012 WL 6728242, at *5 (Tex. App.—San Antonio Dec. 28, 2012, no pet.) (mem. op.). But our jurisdiction does not depend on how the trial court labels its order; rather the order's substance and function determines its classification for purposes of our jurisdiction. *See Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992); *Chapa*, 2012 WL 6728242, at *5. Here, the trial court's order conflates the roles of auditors, masters, and receivers. *Compare* TEX. CIV. PRAC. & REM. CODE § 64.031, *with* TEX. R. CIV. P. 171 ("Master in Chancery"), 172 ("Audit"); *see also Chapa*, 2012 WL 6728242, at *5 ("Even though the . . . order is titled 'Order Appointing Special Master' and consistently refers to Banales as a 'Special Master' in defining his powers, it conflates the roles of master and receiver.").

An auditor is a neutral person appointed by the court to audit accounts, examine witnesses, and report back to the court. *See* TEX. R. CIV. P. 172; *Diana Rivera & Assocs., P.C. v. Calvillo*, 986 S.W.2d 795, 797 (Tex. App.—Corpus Christi 1999, pet. denied). A master, also referred to as a "special master" or "master of chancery," is a neutral person appointed by the court to assist with specified legal matters. *See* TEX. R. CIV. P. 171; *Chapa*, 2012 WL 6728242, at *3; *see also*

*Simpson v. Canales*, 806 S.W.2d 802, 805–12 (Tex. 1991) (explaining the historical role of masters and outlining the requirements for appointing a master in Texas). A master's powers typically "include the authority to contact the parties, to conduct hearings, to require the production of evidence, and to make recommendations to the court." *Chapa*, 2012 WL 6728242, at *3. In contrast, a "receiver," while also a neutral person appointed by the court, "is focused on the protection of the property or funds that are the subject of the case." *Id.* A "receiver's powers and duties include taking charge and keeping possession of the property, receiving rents, collecting and compromising demands, making transfers of the property, and performing any other act in regard to the property authorized by the court." *Id.*; *see* TEX. CIV. PRAC. & REM. CODE § 64.031.

In this case, the trial court's order authorizes Mr. Buchanan to take possession of and analyze FSG's books and records, and it requires him to interview witnesses—including Mr. Hulme and FSG's key officers—before "fil[ing] a report with the Court . . . detailing his findings and opinions regarding the current and future financial condition of FSG, including the reasons for its current financial condition, its ability to operate as a going concern, and any other matter [he] deems relevant." In addition, the court ordered Mr. Buchanan to "include in his report a recommendation as to whether his limited powers . . . should be expanded and, if so, a detailed basis for the reasons why." Notably, the order prohibits Mr. Buchanan from exercising certain powers typically associated with receivership over an entity.

–6–

In fact, the court specifically ordered that "the management and day-to-day operations of FSG shall continue unchanged."

In substance, the trial court's order appointed Mr. Buchanan to act as an auditor, tasked with investigating and reporting on FSG's financial condition, and a master, making a recommendation to the court on the legal issue of whether the evidence suggests a receiver is warranted. The only part of the trial court's order arguably giving Mr. Buchanan a receiver's powers is its authorization to take possession of FSG's books and records. It appears in context that the trial court intended to authorize Mr. Buchanan to obtain FSG's books and records to audit its accounts, rather than act as a receiver over those books and records. Regardless, to the extent the trial court appointed Mr. Buchanan to act as a limited receiver over FSG's books and records, it abused its discretion.

"The appointment of a receiver is disfavored in the law and is only permitted if it is conclusively shown that: (1) the property is in danger of being lost, removed, or materially injured; (2) the trial court considered other available options; and (3) from the evidence before it, the trial court concluded that a less harsh remedy was unavailable." *Mallou v. Payne & Vendig*, 750 S.W.2d 251, 255 (Tex. App.—Dallas 1988, writ denied); *see also* TEX. BUS. ORGS. CODE § 11.403(a)(3), (b) (authorizing receiver over specific property of a foreign entity only if the property "is in danger of being lost, removed, or materially injured" and the court determines all other available legal and equitable remedies are inadequate); *Parness v. Parness*, 560

S.W.2d 181, 182 (Tex. Civ. App.—Dallas 1977, no writ) ("[A] receiver should be appointed only in those situations where the property involved is in present danger of being lost, removed or materially injured and should never be ordered if another remedy, less harsh, is available which will afford the needed protection.").[2] Though there is some disputed evidence that FSG refused to provide FPH with access to its books and records outside of litigation, there is no evidence FSG's books and records were in danger of being lost or destroyed. Nor is there any reason to think the discovery process would not adequately facilitate FPH's access to those records.

We reverse the trial court's order to the extent it appoints Mr. Buchanan to act as a receiver over FSG's books and records. And because we lack jurisdiction to review the trial court's order to the extent it appoints Mr. Buchanan to act as an auditor or master, we dismiss the remainder of this appeal. *See Chapa*, 2012 WL 6728242 at *3; *Calvillo*, 986 S.W.2d at 798. If the FSG parties wish to challenge other aspects of Mr. Buchanan's appointment, the proper vehicle to do so is a petition

---

[2] The parties agree that Delaware law governs certain substantive aspects of their dispute, while Texas law governs matters of procedure. *See Arkoma Basin Exploration Co., Inc. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 387 & n.17 (Tex. 2008). They disagree, however, about whether the standard for appointing a receiver is a procedural issue governed by Texas law. We need not determine that issue here because, under these circumstances, a receiver over FSG's books and records is not warranted under either body of law. *See Ross Holding & Mgmt. Co. v. Advance Realty Grp., LLC*, No. 4113-VCN, 2010 WL 3448227, at *6 (Del. Ch. Sept. 2, 2010) ("[A] court may utilize its equitable powers to appoint a receiver only 'when fraud and gross mismanagement by corporate officers, causing real imminent danger of great loss, clearly appears, and cannot be otherwise prevented.'" (quoting *Drob v. Natl'l Mem'l Park*, 41 A.2d 589, 597 (Del. Ch. 1945)); *Jagodzinski v. Silicon Valley Innovation Co., LLC*, No. 6203-VCP, 2012 WL 593613, at *2–3 (Del. Ch. Feb. 14, 2012) (ordering a receiver over books and records only as a remedy for contempt after the LLC refused to provide the books and records under court order). Further, because we conclude there is no basis for appointing a receiver over FSG's books and records, we need not address the FSG parties' alternative arguments for reversal on that issue.

for a writ of mandamus. *See Simpson*, 806 S.W.2d at 812; *Chapa*, 2012 WL 6728242 at *3.[3]

200940f.p05

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

---

[3] That said, "we are mindful that the trial court will, on remand, have occasion to reconsider its interlocutory" ruling, so long as that is requested. *See Sheikh v. Sheikh*, 248 S.W.3d 381, 394–95 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (quoting *Roebuck v. Horn*, 74 S.W.3d 160, 165 (Tex. App.—Beaumont 2002, no pet.)).



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

FIVE STAR GLOBAL, LLC, FIVE
STAR GLOBAL HOLDINGS, LLC,
FIVE STAR GLOBAL
INVESTMENT HOLDINGS, LLC,
CALIDANT CAPITAL, LLC A/K/A
CCP WOLF HOLDINGS, LLC,
DREW N. BAGOT, AND DAVID W.
LAI, Appellants

No. 05-20-00940-CV      V.

MARK HULME AND FIVE
POINTS HOLDINGS, LLC,
Appellees

On Appeal from the 68th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-08643.
Opinion delivered by Justice Carlyle.
Justices Schenck and Reichek
participating.

In accordance with this Court's opinion of this date, the trial court's interlocutory Order on Plaintiffs' Application to Appoint Receiver over Five Star Global, LLC is **REVERSED** to the extent it appoints Kevin Buchanan as a receiver over Five Star Global, LLC's books and records, and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion. The remainder of this appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellants Five Star Global, LLC, Five Star Global Holdings, LLC, Five Star Global Investment Holdings, LLC, Calidant Capital, LLC a/k/a CCP Wolf Holdings, LLC, Drew N. Bagot, and David W. Lai recover their costs of this appeal from appellees Mark Hulme and Five Points Holdings, LLC.

Judgment entered this 26th day of July, 2021.